.409 A.2d 416

**COMMONWEALTH of Pennsylvania**

v.

**Rutherford GAY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Filed Aug. 17, 1979.

Kenneth D. Freeman, Philadelphia, for appellant.

Donna Loeb, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

After a non-jury trial on June 23, 1977, appellant was found guilty of burglary.[1] He failed to file post-verdict motions and on August 23, 1977, was sentenced to a term of imprisonment of from three to ten years. Two days later, on August 25, 1977, appellant filed an appeal to this court. The court below requested trial counsel to submit a statement of matters complained of on appeal, *see* Pa.R.A.P. 1925(b), but counsel failed to file the statement. The court held, therefore, that all issues had been waived, and the only possible issue on appeal would be the alleged ineffectiveness of trial counsel. The court then conducted a general review of the record and concluded that trial counsel had not acted ineffectively, although no specific issues were discussed.

On appeal, appellant contends that trial counsel was ineffective in three respects: (1) for failing to file post-trial motions; (2) for failing to object to the alleged opinion testimony by one of the arresting officers; and (3) for failing to file a motion to dismiss the charges pursuant to Pa.R.Crim.P. 1100(a)(2). Appellant also claims that the evidence was insufficient to support the verdict. This final issue was, however, not incorporated with a claim of ineffectiveness of counsel, and because it was not preserved in the court below, it has been waived. *See, e. g., Commonwealth*

1. 18 Pa.C.S. § 3502.

*v. Lowe*, 460 Pa. 357, 333 A.2d 765 (1975); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). The other claims have, however, been preserved for appellate review.

 Appellant's first argument is that trial counsel was ineffective for failing to file post-trial motions, thus resulting in a waiver of the right to appeal directly all alleged errors. He does not, however, identify any additional errors other than those already incorporated into his ineffectiveness claims. Even assuming a claim of insufficiency of the evidence, which has been waived, our review of the record reveals that counsel was not ineffective for failing to assert this claim. Counsel will not be deemed to be ineffective for failing to pursue meritless claims.

 The evidence at trial, as stated in the opinion of the trial court, was as follows:

"Patrolman John J. Miller, the arresting officer, testified that on June 29, 1976, at approximately 12:30 P.M., he and his partner responded to a police radio call indicating there was a burglary in progress at 1627 North 59th Street, Philadelphia. Upon arriving on the scene, they received information from a man in the neighborhood that someone had broken into the dwelling numbered 1627. They entered the premises through the open front door which had pry marks on it made from what appeared to be a small object. They discovered two drawstring-type duffel bags of different colors on the second floor, each containing copper tubing and brass. The dwelling was unoccupied at the time, but in the process of searching for the culprit, the officers discovered that at least some of the tubing appeared to have been ripped from under the kitchen sink. After examining the duffel bags, they secured the premises and returned to their patrol of the area.

"Officer Miller and his partner were again directed by police radio to 1627 North 59th Street at approximately 5:30 P.M. on the same day. Again they found the property vacant, and the front door ajar, but this time they noticed that one of the bags of copper and brass was

missing. Again they secured the premises and resumed their patrol.

"Approximately ten minutes later, at about 5:40 P.M., the officers saw defendant on the southeast corner of the intersection of 56th and Hunter Streets, Philadelphia, carrying a drawstring-type duffel bag with copper tubing sticking out of it. This bag resembled one of the two the officers had examined in premises 1627 North 59th Street. They arrested defendant, and, after conducting a search of his person at 56th and Hunter Streets, confiscated a screwdriver. He was transported back to 1627 North 59th Street approximately two and one-half blocks away.

"At 1627 North 59th Street, Officer Miller and his partner used the screwdriver they confiscated from defendant to pry open the front door. The marks it left in the door matched those that were evident during their first examination of the premises at 12:30 P.M. Officer Miller then took the bag of copper tubing into the dwelling while his partner remained with defendant, and attempted to match the parts in the bag with the parts which were ripped from under the kitchen sink. He testified that some of these parts appeared to match." (Opinion at 2–3).

Reviewing the above evidence in the light most favorable to the Commonwealth, along with all reasonable inferences deducible therefrom, *see, e. g., Commonwealth v. Horne*, 479 Pa. 496, 388 A.2d 1040 (1978), we find the evidence sufficient to establish appellant's guilt beyond a reasonable doubt.

■ Appellant's second claim of ineffectiveness relates to the failure by trial counsel to object to the alleged opinion testimony of one of the arresting officers. Because we do not interpret the statements to have been an expression of opinion, counsel was not ineffective for failing to object.

The challenged statements were as follows. Officer Miller testified that he and his partner confiscated a screwdriver from appellant at the time of his arrest and "used the same screwdriver to re-open the front door" at the residence at 1627 North 59th Street. (N.T. 17). He further testified

that "the marks that we made from the screwdriver matched in comparison to the marks that were made earlier on the door." (N.T. 18). Appellant claims that this latter statement was inadmissible as an expression of the officer's opinion. We disagree.

The general rule is that a witness must testify as to "facts", and may not venture an "opinion" as to these facts.[2] When, however,

> "mere descriptive language is inadequate to convey to the jury the precise facts of a case or their bearing on the issues of the case, a witness may supplement his description by his opinions; but when the circumstances are such that they can be fully and accurately described to the jury, and persons without special knowledge and training are capable of estimating their bearing on the issues, opinions of witnesses, whether expert or otherwise, are inadmissible." *Taylor v. Fardink*, 231 Pa.Super. 259, 262, 331 A.2d 797, 799 (1974).

*See, e. g., Burton v. Horn & Hardart Baking Co.*, 371 Pa. 60, 88 A.2d 873 (1952); *Graham v. Pennsylvania Co.*, 139 Pa. 149, 21 A. 151 (1891). "In several classes of questions, the line between the witness' [*sic*] judgment or opinion and his affirmation of fact is so indistinct that it cannot be marked out in practice." *Id.*, 139 Pa. at 158, 21 A. at 152; *see* McCormick, Law of Evidence, § 11 (1972); 7 Wigmore, Evidence, § 1919 (Chadbourn rev. 1978).

In spite of the amorphous nature of the fact-opinion dichotomy, we conclude that the testimony of Officer Miller

---

2. In *Lewis v. Mellor*, 259 Pa.Super. 509, 393 A.2d 941 (1978), Judge Spaeth, joined by two other judges, abrogated the common law rule on opinion evidence and adopted the federal rule as outlined in Fed.R.Evid. 701 and 704. Our result would be the same, however, because those rules would be relevant only in determining when opinion evidence is admissible. Because we do not deem Officer Miller's statements to be an expression of opinion, we need not determine the applicability of Judge Spaeth's opinion to the proceedings in this case. We note, moreover, that on March 1, 1979, the Supreme Court of Pennsylvania granted allocatur to review *Lewis*, and that on prior occasions the court has refused to adopt the Federal Rules of Evidence as the rules in this Commonwealth.

was not objectionable on the basis of the opinion evidence rule. If, hypothetically, Officer Miller had testified and described the earlier marks as, for example, one inch long, one-quarter inch wide and one-eighth inch deep, and then stated that the marks he created with appellant's screwdriver were of the exact same dimensions, all would agree that the testimony would be a mere recitation of perceived facts. If, on the other hand, Officer Miller described his activities and then stated that in his opinion all of the marks had been made with the same instrument, appellant's screwdriver, and that appellant was responsible for the earlier set of marks, this would be pure opinion as an expression of the inferences or conclusions that Officer Miller drew from the perceived facts.

Officer Miller's actual testimony was not fully in accord with either of the above examples, although we deem is more akin to the former scenario. When he testified that the two sets of marks "matched in comparison", he was in essence stating that the physical dimensions of the marks were the same; it was a factual description of the two sets of marks. The fact finder was still free to determine whether the earlier marks were made with the same instrument and whether appellant was responsible for the earlier marks. Officer Miller's testimony was not an opinion, and appellant's counsel was not ineffective for failing to object. Cf. *Holton v. Gibson*, 402 Pa. 37, 166 A.2d 4 (1960) (testimony that automobile "increased" speed was not an opinion, but mere recounting of facts).

Appellant's final claim of ineffectiveness relates to the failure by trial counsel to file a petition to dismiss the charges pursuant to Pa.R.Crim.P. 1100(a)(2).[3] Appellant was brought to trial three hundred and sixty (360) days after the filing of the criminal complaint. No petition to extend was filed, although the Commonwealth alleges that

3. Pa.R.Crim.P. 1100(a)(2) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

certain time is excludable from the computation as a result of appellant's failure to appear at various scheduled hearings. Appellant concedes that he failed to appear, but contends, without specifying in detail, that even excluding this time, his trial occurred beyond the 180 day requirement of Rule 1100(a)(2). Unfortunately, we are unable to resolve this issue based upon the existing record. The record on appeal does not contain a listing of the various proceedings in the case, although it does include seven bench warrants that were issued when appellant failed to appear at certain of the proceedings. A footnote in the Commonwealth's brief includes an alleged chronology of the case, which is substantiated in part by the dates on some of the bench warrants. Nevertheless, we cannot accept the unconfirmed chronology in the Commonwealth's brief as conclusive in resolving the Rule 1100 issue.

The case is therefore remanded for a hearing to determine whether trial counsel was ineffective for failing to file a petition to dismiss pursuant to Rule 1100(a)(2).

SPAETH, J., concurs in the result.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.