446 A.2d 290

**COMMONWEALTH of Pennsylvania**

v.

**George Raymond HOOK, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 30, 1981.

Filed May 28, 1982.

Petition for Allowance of Appeal Denied Jan. 20, 1983.

Scott Lee Kelley, Assistant Public Defender, York, for appellant.

Sheryl Ann Dorney, Assistant District Attorney, York, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

George Raymond Hook was convicted by a jury of burglary, robbery, attempted rape and aggravated assault. On

direct appeal, his conviction was affirmed by this Court,[1] and allocatur was denied by the Supreme Court. Hook next attempted to attack his conviction collaterally by a P.C.H.A. petition. After hearing, the trial court entered an order dismissing the petition. Hook then filed the instant appeal. He argues (1) that the trial court erred when it permitted the Commonwealth to attack the credibility of his testimony by showing prior inconsistent statements made at the time of his arrest; (2) that trial counsel was ineffective regarding his handling of pre-trial identification procedures alleged to be unduly suggestive; and (3) that trial counsel was ineffective for failing to challenge three jurors who had signed an anti-rape petition and for failing to investigate adequately appellant's claim of alibi. The first issue has already been litigated finally; the remaining issues are lacking in merit. Accordingly, the order denying relief will be affirmed.

■ The Commonwealth's use of appellant's post arrest statement for the purpose of impeaching his testimony at trial was argued on direct appeal and decided adversely to him. That issue, therefore, has been finally litigated and may not be raised collaterally in a P.C.H.A. proceeding. *Commonwealth v. Lewis*, 278 Pa.Super. 35, 37–38, 419 A.2d 1342, 1344 (1980); *Commonwealth v. Gardner*, 250 Pa.Super. 86, 91, 378 A.2d 465, 468 (1977).

In order to comprehend fully the meritless nature of appellant's challenge to counsel's stewardship regarding appellant's pre-trial identification, it is essential that one be aware of the facts. The testimony at trial showed that the victim, a sixty-nine year old widow, was knocked to the ground when appellant struck her on the head with a pistol. Thereafter, he struck her at least three more times and inflicted lacerations requiring nine sutures to close. He dragged her into the house, where she was bound, gagged, undressed, threatened and indecently assaulted. An attempted rape failed of fruition because of appellant's impotency. He then threw the widow into a closet, barricaded it, and ran away with her money and pocketbook. She man-

1. *Commonwealth v. Hook*, 269 Pa.Super. 612, 417 A.2d 757 (1979).

aged to free herself and call a friend who summoned police. She positively identified appellant as her assailant, having seen him on six or seven prior occasions.

Appellant's counsel filed a pre-trial motion to suppress the victim's identification testimony because of an allegedly suggestive confrontation at the preliminary hearing; but this motion was denied after hearing. Appellant contended at his P.C.H.A. hearing that counsel had been ineffective (a) for failing to request a pre-trial line-up and (b) for failing to preserve the suppression issue on direct appeal. Trial counsel testified that he did not argue the suppression issue on appeal because it lacked merit and did not request a pre-trial line-up because a line-up would merely have strengthened the victim's already positive identification.

It is well settled in Pennsylvania that counsel's assistance will not be deemed ineffective if a reviewing court is able to conclude that the particular course of action chosen by counsel had some reasonable basis designed to further the client's interest. *Commonwealth v. Williams*, 273 Pa.Super. 147, 149, 416 A.2d 1132, 1133 (1979) citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967). Furthermore, it goes almost without saying that the failure to pursue meritless claims does not constitute ineffective representation. *Commonwealth v. Weathers El*, 485 Pa. 28, 32, 400 A.2d 1295, 1297 (1979); *Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 696 (1977); *Commonwealth v. Gay*, 269 Pa.Super. 164, 167, 409 A.2d 416, 417 (1979).

Appellant's claims concerning the identification testimony of the victim are patently lacking in merit. "To begin with, an accused does not have a constitutional right to a line-up .... [Therefore,] counsel's failure to request a line-up ... is not per se ineffective assistance." *Commonwealth v. Davis*, 293 Pa.Super. 447, 455–56, 439 A.2d 195, 200 (1981). Moreover, under the circumstances of the instant case, counsel's decision not to request a line-up was entirely reasonable. The victim's identification of appellant had been positive and based on the solid foundations of prior familiarity with appellant and a substantial opportunity to observe him

during the course of the assault. As counsel observed, a line-up would have been fruitless and would have served only to strengthen the Commonwealth's case by providing yet another opportunity for a consistent identification. Counsel was not ineffective for failing to request a line-up.

Similarly, counsel was not ineffective for failing to pursue on direct appeal the question of the suggestive nature of the pre-trial identification. Such a claim would have been wholly lacking in arguable merit. The identification to which appellant referred in challenging counsel's ineffectiveness had taken place at the magistrate's office prior to the preliminary hearing. The record establishes that a confrontation occurred just prior to the start of that hearing. Appellant was neither clothed in conspicuous prison garb nor handcuffed and was seated among others in an outer office. When the victim emerged from a conference room, she immediately and without hesitation recognized and identified appellant as her assailant. Prior to making this identification, the victim had not been aware that her assailant would be present at the preliminary hearing. Under these circumstances, we concur with counsel's reasoned determination that the confrontation was neither unduly suggestive nor likely to produce a misidentification and that the trial court properly refused to suppress the victim's in-court identification. This was particularly so in view of the substantial, independent basis for such testimony.

Next, appellant questions counsel's stewardship in that he failed to challenge three jurors who had signed an anti-rape petition which had been circulated in the community shortly before appellant's trial. This petition had been motivated by a particularly heinous rape which had occurred in York County. However, it was unrelated to appellant's case. Appellant contended in the P.C.H.A. proceedings that, because the charges against him included a charge of rape, counsel had been ineffective for permitting the three jurors to serve. We disagree. As a result of counsel's questions specifically directed to the signing of the petition, it became apparent that the signing of the petition signified no more than opposition to rape on the part of the potential jurors.

It did not disclose an inability to view objectively the guilt or innocence of a person charged with such an offense. That these jurors may not have been devoid of opinion on the matter of rape was not a basis for attacking their impartiality or competence to serve as jurors during appellant's trial. *See, e.g., Commonwealth v. Johnson,* 452 Pa. 130, 136, 305 A.2d 5, 8 (1973); *Commonwealth v. Short,* 278 Pa.Super. 581, 590–91, 420 A.2d 694, 698–99 (1980). Moreover, counsel testified that he had discussed the potential conflict with appellant, who indicated no opposition to allowing the three jurors to serve. Under these circumstances, it is evident that counsel was not ineffective in failing to challenge the three jurors.

Appellant's final claim is that trial counsel failed to investigate thoroughly certain matters pertaining to his alibi defense, specifically, that counsel failed to subpoena documents from the unemployment office in Pottstown, Montgomery County, which, appellant suggests, would have shown that he was in Pottstown collecting his unemployment check on the afternoon of the day of the assault. The record fails to substantiate appellant's averment of inadequate investigation. Defense counsel's testimony at the P.C.H.A. hearing indicated that investigations as to appellant's whereabouts on the day in question had been conducted, both by appellant's parole officer and by a private investigator. While records confirmed that appellant had been at the unemployment office on the day of the assault, they did not establish a particular time for his visit. Accordingly, counsel concluded that the records alone would not establish an alibi defense. In order to support an alibi defense, however, counsel utilized other testimony to demonstrate appellant's presence elsewhere than at the scene of the assault. Appellant has failed to demonstrate that the exercise of counsel's judgment can be equated with ineffectiveness. We find no fault with counsel's course of action.

For the foregoing reasons, we conclude that counsel's stewardship was designed to serve the best interests of his client and did not constitute ineffective representation.

The order denying P.C.H.A. relief is affirmed.