414 A.2d 642

COMMONWEALTH of Pennsylvania

v.

Jack Donald FOX, Appellant.

Superior Court of Pennsylvania.

Submitted July 31, 1979.

Filed Nov. 9, 1979.

Shaubut C. Walz, III, Newport, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

Appellant, Jack Donald Fox, was convicted of first degree murder in 1970 and sentenced to life imprisonment. The appellant was represented at trial by Attorney Willard, the Chief County Public Defender, now deceased, and Attorney Mullin, a Public Defender from another county, who is still alive and practicing. On direct appeal, the Supreme Court

---

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

affirmed the conviction on October 12, 1971. *Commonwealth v. Fox*, 445 Pa. 76, 282 A.2d 341 (1971).

Appellant filed a petition for Post Conviction Hearing Act relief [1] (hereafter "PCHA") on December 3, 1971, which was denied without a hearing. On appeal, the Supreme Court remanded for further proceedings. *Commonwealth v. Fox*, 448 Pa. 491, 295 A.2d 285 (1972). On May 3, 1974, a PCHA Hearing was held and the petition was dismissed. The appellant took an appeal to the Supreme Court which affirmed the dismissal; however, the court remanded for a hearing on the issue of effectiveness of his chief trial counsel, Mr. Willard. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). The reason for this was because Mr. Mullin, who participated in the trial of the case, was still representing appellant in the second PCHA proceeding, and appeal therefrom, alleging the ineffectiveness of his co-counsel at trial. Following the withdrawal of Mr. Mullin and the appointment of new counsel, such PCHA hearing was held on May 4, 1978, in which only appellant and his sister testified; the Commonwealth offered no evidence. The lower court dismissed the petition and this appeal ensued. We affirm.

Appellant alleges that he was denied his constitutional right to representation by competent counsel, in that his defender, Mr. Willard, did not competently represent appellant during the pre-trial, trial, and post-trial phases of the original proceedings.

The first issue is whether appellant was denied his right to competent counsel in the pre-trial stage in that: he was able to confer with Mr. Willard on only five or six occasions for a total of five and one-half or six and one-half hours; that he only discussed his version of what happened on the date of the shooting on one occasion; that he was never provided with a copy of the complaint and indictment or information after requesting it; and that no pre-trial motion was filed attacking the twelve-day period between arrest and preliminary hearing.

1. Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965), 1580, § 11, 19 P.S. § 1180, et seq.

"The burden of establishing the ground upon which post-conviction relief is requested rests on the person seeking that relief." *Commonwealth v. Logan*, 468 Pa. 424, 433, 364 A.2d 266, 271 (1976); 19 P.S.C.A. § 1180–3(c)(6). The standard of review used to determine counsel's effectiveness is well established: ". . . our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original).

■ Appellant has clearly failed to meet the burden of proving counsel was ineffective because he had inadequate time to prepare the defense. Mr. Willard spent five and one-half to six and one-half hours conferring with appellant before trial. Additionally, as appellant admitted in his testimony, Mr. Mullin, one of his attorneys, also consulted with him on several occasions for five and one-half to six and one-half hours, and he informed appellant that he would discuss these matters with Mr. Willard.[2] Therefore, a total of eleven to thirteen hours was spent in pretrial conferences between appellant and his two attorneys. It has previously been held that even though counsel interviewed his client for a total of no more than sixty minutes, counsel would not be held ineffective if the record did not reflect such. *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973). See also *Commonwealth v. Woody*, 440 Pa. 569, 271 A.2d 477 (1970). In this case, the lower court concluded, and we agree, that Mr. Willard understood the facts of the case in conducting appellant's defense that the killing was suicide. Therefore, the amount of time spent interviewing appellant was sufficient to afford him his right to competent counsel.

■ Similarly, appellant's assertion that Mr. Willard was ineffective for not providing a copy of the complaint and indictment or information to appellant upon request is with-

2. PCHA Hearing No. 2, N.T. p. 15.

out merit. Appellant admitted that he knew he was charged with murder.[3] At one point, he was even willing to plead guilty if he got the desired plea bargain.[4] Therefore, both appellant and counsel were on notice as to the charges filed. Also, at the time of appellant's arraignment, September 2, 1969, there was no court rule requiring that an attorney furnish his client with a copy of the complaint and indictment or information.

Finally, counsel's failure to file a pre-trial motion attacking the two-day delay in affording appellant a preliminary hearing in violation of Pa.R.Crim.P. 140(f)(1) was not ineffective.[5] It is not appropriate to quash an indictment where there was substantial compliance with Rule 140(f) and no prejudice shown. *Commonwealth v. Hailey,* 470 Pa. 488, 368 A.2d 1261 (1977); *Commonwealth v. DeCosey,* 246 Pa. Super 412, 371 A.2d 905 (1977). In *Hailey,* supra, there was a one-day delay, and in this case there is a delay of only two days. Certainly, despite the irregularity, the appellant's preliminary hearing substantially complied with Rule 140(f) particularly since "Rule 140(f) was designed to prevent prolonged custody of an accused prior to an independent judicial finding of the existence of probable cause."[6] *Commonwealth v. Hailey,* supra, 470 Pa. at 506, 368 A.2d at 1270. Moreover, appellant presents no evidence that his defense was prejudiced in any way by the irregularity. The motion suggested would therefore have been fruitless, and counsel's

3. PCHA Hearing No. 2, N.T. p. 6.

4. Id. p. 6.

5. Rule 140(f) reads in pertinent part:
   (f) When a preliminary hearing is not waived, the issuing authority shall:
   (1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth.

6. See *Commonwealth v. DeCosey,* supra, substantial compliance even though delay of four days.

decision not to pursue it was reasonable. *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973). Accordingly, we find no ineffectiveness of counsel in the pre-trial stage.

The second issue is whether appellant's right to effective assistance of counsel was denied at trial on various grounds. The first is that he did not receive a list of jurors until fifteen minutes before jury selection. There is no testimony that appellant knew any of the jurors or had any objection to any juror. He also admitted that counsel asked him if he knew any of the jurors; therefore, he has failed to prove that he was prejudiced in any way by the jurors selected after lengthy voir dire examination. Consequently, he has failed to prove counsel's actions had no reasonable basis in fact. *Commonwealth ex rel. Washington v. Maroney*, supra. He also claims that during the course of the trial, Mr. Willard conferred with him for only fifteen to eighteen minutes, despite his attempt to discuss trial matters and testimony, including possible forgery of his signature on checks by a key Commonwealth witness. As to this claim, he fails to point out that he frequently conferred with his other counsel, Mr. Mullin, during trial as found in the instant PCHA hearing.[7]

Lastly, he complains of the failure of counsel to have available at trial Dr. Negley, the Coroner, and the failure of counsel to anticipate that Dr. Lyphard, the Pathologist who performed the autopsy, would not be available at trial. If Dr. Negley's testimony could have aided appellant in his trial, he could have easily called him as a witness in the PCHA hearing since Dr. Negley still resides in Huntingdon County. Having failed to do so, appellant has not met his burden of proof. *Commonwealth v. Logan*, supra. The testimony of Dr. Lyphard, the Pathologist, was presented in appellant's pretrial habeas corpus hearing on May 20, 1970. At that time it was made perfectly clear to all parties that he was preparing to move permanently to Canada, and that he would be unavailable at trial. Mr. Willard's cross-exami-

7. PCHA Hearing No. 2 Opinion p. 6.

nation of the doctor at that time covers fourteen pages and there is no showing that his testimony would have been different at trial. This testimony was read into the record at trial pursuant to Section 3 of the Act of May 23, 1887, P.L. 158; 19 P.S. 582. Finally, appellant's contention that he and his former wife intended to remarry was purely self-serving and unsupported by other testimony. The Commonwealth presented two witnesses who testified that the couple had frequent fights; that appellant threatened her life on at least five occasions; and that on the very night of the killing, the victim had ordered appellant out of the house by the next day. In the face of this overwhelming evidence, counsel's decision not to elicit unsupported testimony of a purported marriage was not proven by appellant to be ineffective assistance of counsel. Therefore, there is no evidence of ineffectiveness during the homicide trial.

■ The third issue is whether counsel was ineffective in the post-trial phase of the proceedings. In short, appellant alleges that counsel did not discuss the direct appeal with him, nor was he aware that counsel only pursued four of the forty-six reasons in support of the motions on appeal. In *Commonwealth v. Laboy*, 460 Pa. 466, 471–472, 333 A.2d 868, 870 (1975), the Supreme Court considered the same issue: "Is appellate counsel derelict in his representation if he refuses to present to the court on appeal issues which appellant feels are meritorious? We may review the record to determine whether there was any reasonable basis for limiting the appeal to one or two substantial issues while ignoring all other issues either considered by the attorney or pressed by the client. If, in view of the reasonable alternatives, the appellate advocate had any rational basis for restricting the appeal to the one or two issues chosen, then he has performed as an effective counsel, and it matters not that he rejected other issues whether gathered from his own research or advanced by the client." The lower court found that appellant was unable to point to one single issue, not raised on appeal by Mr. Willard, that he believed to be meritorious. In addition, appellant offers no evidence on

this appeal supporting the merit of any issue. "What we have here in the final analysis is lack of particularity in the post conviction petition." *Commonwealth v. Laboy*, supra, 460 Pa. at 472, 333 A.2d at 870. Our review of the record indicates that since the issues omitted by Mr. Willard were meritless, his decision to pursue only the four issues raised on that appeal was reasonable.

Therefore, in each of the three stages of the proceedings, Mr. Willard has either had some reasonable basis for his actions, or appellant has failed in meeting the burden of proving ineffectiveness.

Accordingly, the order of the lower court denying the PCHA petition is hereby affirmed.