410 A.2d 792

**COMMONWEALTH of Pennsylvania**

v.

**Lorenzo GREEN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 14, 1979.

Decided Feb. 1, 1980.

Robert P. Paskings, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Virginia Kerr, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION

LARSEN, Justice.

Appellant, Lorenzo Green, was convicted of voluntary manslaughter for the March 4, 1976 shooting death of Austin Maiden in Philadelphia. Appellant had been playing a game of dice with a group of men when an altercation arose between appellant and Samuel Morris. Following the altercation, appellant left the scene and returned some ten minutes later with a sawed-off shotgun. Samuel Morris fled, but appellant remained, waived the shotgun at the group, said "You think I won't shoot, don't you? You think I won't shoot it," then fired into the group which had been standing by a wall, wounding two men and fatally wounding Austin Maiden.

Following trial, the jury was charged on murder of the first degree, murder of the third degree and voluntary manslaughter. Appellant argues that the charge to the jury on voluntary manslaughter was erroneous and that counsel was ineffective in failing to object to that charge and in failing to request a charge on involuntary manslaughter.

 We have carefully examined the briefs and records of this case, and have found these issues to be without merit. While the charge on voluntary manslaughter was technically defective, the error was such that it inured to appellant's benefit and, therefore, counsel, in failing to lodge an objection, had a reasonable basis designed to effectuate his

client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). As to the failure to request a charge on involuntary manslaughter, this Court has not yet decided that a defendant charged with murder and voluntary manslaughter would be entitled to a charge on request on involuntary manslaughter. Hence, counsel was not ineffective in failing to make such a request.

Judgment of sentence affirmed.

O'BRIEN, J., concurs in the result.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I am satisfied that on this record an instruction on involuntary manslaughter was available to appellant. Trial counsel had no reasonable basis to expect an acquittal. Counsel's failure to request a jury instruction on involuntary manslaughter was therefore ineffective assistance. Accordingly, I dissent and would grant appellant a new trial.