459 A.2d 834

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Nicholas PAZ.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1982.

Filed May 6, 1983.

Appeal Granted and Judgment Vacated and Remanded. See 459 A.2d 834.

Popovich, J., concurred in result.

Eric B. Henson, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

Edward M. Kopanski, Glenside, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

Appellee, Nicholas Paz, was charged with burglary, criminal trespass, theft and criminal conspiracy on March 17, 1981. Following his arrest in Philadelphia and while detained by law enforcement officers, he was questioned concerning 66 unsolved burglaries. He confessed to 29 of these offenses; however, neither an attorney nor an "interested adult" was present at the time of the confession. Appellee was 16 years old when arrested.

Prior to trial, appellee filed an omnibus motion requesting, inter alia, the suppression of those statements elicited by detectives during his detention. The suppression motion was granted by the Court of Common Pleas of Philadelphia County on October 1, 1981 on grounds that the custodial interrogation violated the "interested adult" rule. Appellant/Commonwealth filed this appeal.

■ Despite widespread criticism and constant attack, it remains the law of this Commonwealth that a minor suspect be accorded the benefit of parental or "interested-adult" guidance before any of his incriminating statements issued while in police custody are admissible as evidence against

him. *Commonwealth v. Chaney,* 465 Pa. 407, 350 A.2d 829 (1975); *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975), cert. den., 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976); *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974). Furthermore, the mere presence of the "interested adult" at the place of custody is not enough; the adult must be fully apprised of all rights belonging to the minor suspect before his presence and advice can be presumed capable of precluding undue police aggression and overreaching. *Commonwealth v. Starkes,* 461 Pa. 178, 335 A.2d 698 (1975). Quite simply, and perhaps unnecessarily, a per se constitutional rule, known as the *McCutchen* rule, prevents the prosecutorial use of the incriminating statements of a detained minor suspect unless an "informed, interested adult" is present immediately before and during the issuance of such statements.

In *Commonwealth v. Stanton,* 466 Pa. 143, 351 A.2d 663 (1976), Chief Justice Jones dissented and objected to the majority's extraction of the aforementioned per se rule. Due to the *McCutchen* court's thorough and detailed recitation of the facts, the Chief Justice believed the court was also concerned with the *actual* voluntariness of the confession. Furthermore, according to this *Stanton* dissent, the *Starks* court discussed *all* factors, not solely the presence of an interested adult, in considering the general admissibility of the minor's confession. Finally, Chief Justice Jones viewed *Roane's* refusal to admit the minor's confession as the result of the absence of the suspect's mother *and* the officer's coercive and uncooperative behavior; therefore, he believed the *Roane* court utilized the "totality of circumstances" in determining voluntariness. Chief Justice Jones found it incredulous, indeed, that the per se rule renders a bright, experienced 17 year old incapable of waiving constitutional rights while an uncounselled mentally-retarded 18 year old could validly waive those same rights.

In *Commonwealth v. Nelson,* 488 Pa. 148, 411 A.2d 740 (1980), Justice Larsen dissented from the majority's recognition of the "informed, interested adult" rule and preferred

to consider the individual factors of the particular case. For instance, he noted the defendant's familiarity with the criminal justice system, his understanding of constitutional rights and his close proximity to 18 years of age. He recommended the following holding:

> .... where, as here, the defendant's age, experience, and intelligence are such that the presence of an interested adult will not significantly contribute to his comprehension and understanding of the situation, he may make an effective waiver of his constitutional rights without first consulting an interested adult.

*Id.,* 488 Pa. at 163, 411 A.2d at 747.

Appellant would have us employ here the dissenters' approach in *Stanton* and *Henderson* to modify the per se rule, thereby permitting the admission of incriminating statements that are knowingly and voluntarily made in light of all the circumstances. We are disinclined to do so, for we are compelled to follow the majority opinion of our Supreme Court, however fragile we consider that opinion to be.

Appellant avers that two existing Pennsylvania Supreme Court decisions, *Commonwealth v. Veltre,* 492 Pa. 237, 424 A.2d 486 (1980) and *Commonwealth v. Webster,* 466 Pa. 314, 353 A.2d 372 (1975), have indeed modified the *McCutchen* rule, rendering it not applicable in every case where the suspect is of tender age. In *Veltre,* the minor defendant was tried before a jury and found guilty of two counts of first degree murder, rape and assault with intent to kill. While in police custody immediately after his arrest, and in the presence of his probation officer, the defendant related the implicative incidents of the crime and admitted to having no remorse. A plurality opinion, written by Justice Larsen and joined by Justices Flaherty and Kauffman, identified the per se position taken by *Roane* and its progeny as one "designed to insure that constitutional protections would not be lost as a result of the innocence and inexperience of youth being taken advantage of by overbearing interrogation." *Commonwealth v. Veltre,* su-

pra, 492 Pa. at 242, 424 A.2d at 488. The three justices held, however, that the defendant was not the type of inexperienced and naive youth thought by the *Roane* court to be in particular need of adult supervision. Instead, the plurality considered his prior criminal activity, his prior detention in a juvenile detention center, his refusal to speak until his probation officer arrived,[1] and his near average intellect. In analyzing these specific factors, the plurality deemed the waiver voluntary and the confession properly admitted.

Justices Roberts and O'Brien dissented. They recognized the continued vitality and applicability of the *McCutchen* rule. Regardless of a minor suspect's particular intelligence, experience and comprehension of constitutional rights, his incriminating statements are not admissible unless issued pursuant to the advice of an "informed interested adult."

Justice Nix, in a separate dissent, agreed that the "interested adult" rule *may* not apply where the minor is particularly well versed in the constitutional rights of criminal suspects; nevertheless, he did not definitively so hold since he deemed the confession inadmissible under the more flexible "totality of the circumstances" test. Appellant maintains that insofar as Justice Nix dissented on application of the facts only and hinted an agreement with the plurality's qualification of the *McCutchen* rule, no per se rule applies. We are constrained to disagree. At no point did Justice Nix *expressly* agree with the plurality's recitation of the law; mere innuendo is not enough to glean a definitive position. Justice Nix merely opined that there was no waiver under the less restrictive "totality of the circumstances" test. *Veltre* is simply a plurality opinion having no effect on existing law.

Appellant similarly misconstrues *Webster*. The *Webster* court quite unequivocally held that police officers may not

1. According to Justices Larsen, Flaherty and Kauffman, the defendant's refusal to speak until his probation officer arrived was evidence of his knowing exercise of his constitutional rights.

prevent a detained minor from consulting an interested adult before interrogation. In fact, they must provide a reasonable opportunity for the accused to acquire legal advice or the aid of an "informed, interested adult." Appellant isolates the *Webster* court's refusal to categorically hold that a minor is legally incapable of waiving his constitutional rights. According to appellant, this refusal is evidence of the court's reluctance to apply the per se *McCutchen* rule. We disagree with this interpretation. *Webster* simply renders a minor incapable of making a voluntary confession where he is denied consultation with an attorney or an "informed, interested adult"; he can, however, waive his constitutional rights once he is permitted such consultation.

In *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979), reh. den., 444 U.S. 887, 100 S.Ct. 186, 62 L.Ed.2d 121 (1979), the U.S. Supreme Court inquired into the "totality of the circumstances" surrounding the detention and interrogation of a minor suspect. It perceived no basis for applying a different analysis to whether a minor knowingly and voluntarily waived his rights than to whether an adult's waiver was valid.

Appellant directs us to follow *Fare*. We will not. *Fare's* effect on Pennsylvania law was aptly and succinctly elucidated in *Commonwealth v. Henderson*, 496 Pa. 349, 437 A.2d 387 (1981). *Henderson* noted that the state court in *Fare* had erroneously imposed greater restrictions on law enforcement officers during interrogation than required by the *federal* Constitution. *Fare*, according to *Henderson*, has no power to restrict a state court from imposing strict measures in tune with its *own* Constitution; accordingly, *Fare* bowed to a state's freedom to provide rights and liberties through its Constitution that expand correlative provisions of the federal Constitution.

Finally, appellant believes the recent opinion in *Commonwealth v. Jenkins*, 499 Pa. 426, 453 A.2d 945 (1982), rejects the per se *McCutchen* rule and authorizes the sole application of the "totality of the circumstances" test. The investi-

gating officers in *Jenkins* first arranged for the transportation of the maternal grandmother of the defendant's child to the police station where the defendant was detained. They notified the defendant's grandmother; however, she was unable to appear. As a result, they tried to locate his father, but to no avail. Eventually, they secured the presence of his uncle in the interrogation room. The uncle was instructed and fully apprised of his nephew's constitutional rights before any statement was forthcoming. A second statement was interrupted when the defendant's father appeared.

The defendant's uncle was concerned for the suspect's welfare and adequately filled the "informed, interested adult" rule. *Jenkins* simply refused to expand the *McCutchen* rule to a *"most* interested adult" rule. We note in a *Jenkins* footnote where the majority writer adheres to his earlier opinion that the "interested adult" rule is improper; nevertheless, this view is obiter dictum and not indicative of the majority's sentiments.

Until a definitive and precise ruling indicates otherwise, the "informed and interested adult" rule remains intact.

Order affirmed.

POPOVICH, J., concurs in the result.