463 A.2d 1113

**COMMONWEALTH of Pennsylvania**

**v.**

**Keith O. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1983.

Filed July 22, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

120

Michael A. DeFino, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CERCONE, P.J., and CAVANAUGH and WIE-AND, JJ.

WIEAND, Judge:

On appeal from an order denying P.C.H.A. relief, Keith O. Smith asks us to review issues which, on direct appeal to the Supreme Court, were not decided, apparently because the issues had not been preserved for appellate review. Appellant makes this request by asking us to hold that contentions regarding the alleged involuntariness of his confession possessed arguable merit and that prior counsel, therefore, must have been ineffective for failing to preserve them for determination on direct appeal.

Smith had been tried and convicted of robbery, conspiracy and murder of the second degree for his part in the holdup of a Philadelphia flower shop and the shooting of the proprietor. On direct appeal to the Supreme Court the conviction was upheld and the judgment of sentence was affirmed per curiam. See: *Commonwealth v. Smith*, 468 Pa. 375, 362 A.2d 990 (1976). A dissenting opinion, authored by Justice (now Chief Justice) Roberts, suggested that the majority had avoided reaching the merits of appellant's contention that his confession had been coerced by an inadequate understanding of his rights with respect to a polygraph examination because the issue had not been preserved in written post verdict motions. After his direct appeal had been denied, appellant filed a pro se P.C.H.A. petition, alleging that prior counsel had been ineffective for failing to preserve the issue deemed waived by the Supreme Court. Counsel was appointed to file an amended petition, which contained the additional contention that prior counsel had been ineffective in failing to preserve for review the assertion that appellant's confession was involuntary because of undue pre-arraignment delay, in violation of *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). At a hearing on the amended petition, the representative of the Commonwealth stipulated that the issues which appellant wished to raise in post conviction proceedings had not been preserved by prior counsel in post verdict motions. How-

ever, there was otherwise no attempt to show that prior counsel had rendered constitutionally ineffective assistance. The P.C.H.A. court dismissed the petition, and Smith appealed.

After appellant had been arrested and had waived his *Miranda* rights, he was asked if he was willing to submit to a polygraph examination. Although warned at least twice of his right to remain silent and make no statement, he unhesitatingly agreed to take the examination and signed a written consent form.[1] During a pre-polygraph interview, appellant confessed to his participation in the robbery but denied that he had shot the proprietor. No polygraph examination was thereafter conducted. During a pre-trial suppression hearing, in which appellant's confession was found to be voluntary, appellant contended, as he now does on appeal from the denial of P.C.H.A. relief, that the threatened use of the polygraph was coercive and that, therefore, his confession was involuntary and should have been suppressed. He argues specifically that he should have been warned (1) that the taking of the polygraph test was not mandatory; (2) that the results of the test were not admissible as evidence in a court; and (3) that a favorable test result would not necessarily require the police to release him from custody. These instructions, he urges us to hold, must be given in addition to *Miranda* warnings whenever questioning of a suspect takes place in a polygraph situation.

The polygraph has been acknowledged by the courts of this Commonwealth to be a valuable tool in the investigative process. See: *Commonwealth v. Hernandez*, 498 Pa. 405, 415, 446 A.2d 1268, 1273 (1982); *Commonwealth v. Smith*, 487 Pa. 626, 631, 410 A.2d 787, 790 (1980); *Commonwealth v. Blagman*, 458 Pa. 431, 435–436, 326

---

1. The written consent provided as follows:

I, Keith Smith, do hereby voluntarily and willingly, submit to a lie detector examination in order to show, if possible, the truth and honesty of my statements, and I hereby release the Philadelphia Police Department, and the examiner, ... from any and all claims resulting from, or arising out of this examination.

A.2d 296, 298–299 (1974). Its use does not per se render a confession involuntary. *Commonwealth v. Jones,* 341 Pa. 541, 548, 19 A.2d 389, 393 (1941); *Commonwealth v. Hipple,* 333 Pa. 33, 39, 3 A.2d 353, 355–356 (1939). See: *Thompson v. Cox,* 352 F.2d 488 (10th Cir.1965); *United States v. McDevitt,* 328 F.2d 282 (6th Cir.1964). A confession is not involuntary merely because it was made in anticipation of, during, or following a polygraph examination. See: 89 ALR3d 236, and cases there gathered. In Pennsylvania, an inculpatory statement made during a pretest interview was held admissible in *Commonwealth v. Cain,* 471 Pa. 140, 146, 369 A.2d 1234 (1974) (Opinion of Eagen, J., in support of affirmance). Other decisions have impliedly found *Miranda* warnings adequate, for they have permitted evidentiary use of confessions when they have been made voluntarily in polygraph settings. See also: *Commonwealth v. Hernandez, supra; Commonwealth v. Hitson,* 482 Pa. 404, 393 A.2d 1169 (1978); *Commonwealth v. Dussinger,* 478 Pa. 182, 386 A.2d 500 (1978) (plurality opinion); *Commonwealth v. Cunningham,* 471 Pa. 577, 370 A.2d 1172 (1977); *Commonwealth v. Cain, supra; Commonwealth v. Johnson,* 467 Pa. 146, 354 A.2d 886 (1976); *Commonwealth v. Jones,* 457 Pa. 423, 322 A.2d 119 (1974); *Commonwealth v. Blagman, supra; Commonwealth v. Marabel,* 445 Pa. 435, 283 A.2d 285 (1971); *Commonwealth v. Camm,* 443 Pa. 253, 277 A.2d 325 (1971), *cert. denied,* 405 U.S. 1046, 92 S.Ct. 1320, 31 L.Ed.2d 589 (1972). In *Wyrick v. Fields,* 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982), the defendant, a soldier accused of rape, gave an inculpatory statement to investigators after being confronted with the results of a polygraph test showing his answers to be untruthful. The Court of Appeals granted habeas corpus relief on grounds that appellant's waiver of counsel had not been voluntary. The Supreme Court reversed. The defendant had been informed of his *Miranda* rights and had signed a written waiver thereof. This was sufficient to demonstrate a voluntary waiver. See also: *Keiper v. Cupp,* 509 F.2d 238 (9th Cir.1975); *People v. Mason,* 29 Ill.App.3d 121, 329 N.E.2d 794 (1975); *Grey v. State,* Ind.,

404 N.E.2d 1348 (1980); *State v. Bowden,* 342 A.2d 281 (Me.1975); *Lee v. State,* 338 So.2d 395 (Miss.1976); *State v. Clifton,* 271 Or. 177, 531 P.2d 256 (1975); *McAdoo v. State,* 65 Wis.2d 596, 223 N.W.2d 521 (1974).

■ There are no Pennsylvania decisions which have held *Miranda* warnings inadequate to insure voluntariness of a confession given during a pre-polygraph interview.[2] If a suspect freely agrees to submit to a polygraph examination, as did the appellant in the instant case, there would seem to be no reason for holding *Miranda* warnings inadequate. Not only do such warnings advise the suspect that he has a right to remain silent and answer no questions, but they also instruct him regarding his right to consult counsel. Where an accused voluntarily confesses despite such warnings, his confession will not be rendered more voluntary because a consent to take a polygraph examination was accompanied by warnings that the results of the test have no evidentiary value and that his immediate release will not depend thereon.

■ Moreover, if a later judicial decision were to impose a requirement for warnings such as appellant suggests, it would not follow that his counsel had been ineffective for failing to preserve and present such an argument in post trial motions. Counsel is presumed to be effective. *Commonwealth v. Miller,* 494 Pa. 229, 233, 431 A.2d 233, 235 (1981); *Commonwealth v. Strickland,* 306 Pa.Super. 516, 526, 452 A.2d 844, 849 (1982); *Commonwealth v. Norris,* 305 Pa.Super. 206, 209–10, 451 A.2d 494, 496 (1982). He will not be deemed ineffective because he fails to predict and/or argue all possible future developments in the law. See: *Commonwealth v. Arthur,* 488 Pa. 262, 268 n. 3, 412 A.2d 498, 501 n. 3 (1980), *cert. denied,* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79 (1980); *Commonwealth v. Triplett,*

2. Appellant has not cited a decision from any jurisdiction which holds that the Constitution requires additional warnings where a confession is given in connection with a polygraph test. Instead, he relies on dicta appearing in *United States v. Little Bear,* 583 F.2d 411 (8th Cir.1978) and *Hunter v. State,* 590 P.2d 888, 901 (Alaska 1979). He also relies upon the dissenting opinion of Justice Roberts in *Commonwealth v. Smith, supra.*

476 Pa. 83, 89, 381 A.2d 877, 881 (1977); *Commonwealth v. McCloud*, 312 Pa.Super. 29, 42, 458 A.2d 219, 225 (1983); *Commonwealth v. Warren*, 307 Pa.Super. 221, 224, 453 A.2d 5, 7 (1982); *Commonwealth v. Brinton*, 303 Pa.Super. 14, 18–19, 449 A.2d 54, 57–58 (1982). The law at the time of appellant's trial and at the time of filing post trial motions did not require that, in order to be voluntary, a confession during a pre-polygraph examination be preceded by warnings in addition to those required by the Supreme Court in *Miranda*.[3] Thus, counsel cannot be held ineffective for failing to preserve the absence of additional warnings in post trial motions.

■ Appellant's contention that his confession was the product of pre-arraignment delay is wholly lacking in merit.[4] The rule in *Commonwealth v. Futch, supra*, now embodied in Pa.R.Crim.P. 130(a), has resulted in a three-prong test for determining when delay will mandate exclusion of inculpatory evidence. "The delay must be unnecessary; evidence that is prejudicial must be obtained; and the incriminating evidence must be reasonably related to the delay." *Commonwealth v. Smith, supra* 487 Pa. at 630, 410 A.2d at 789–790, quoting *Commonwealth v. Williams*, 455 Pa. 569, 572, 319 A.2d 419, 420 (1974). The only time period relevant to this determination is the amount of time "the accused is in custody up until the incriminating evidence is obtained. It would be ludicrous to suggest that the time following the statement was related to its procurement." *Commonwealth v. Smith, supra* 487 Pa. at 631, 410 A.2d at 790. See: *Commonwealth v. Van Cliff*, 483 Pa. 576, 587, 397 A.2d 1173, 1179 (1979), *cert. denied*, 441 U.S. 964, 99 S.Ct. 2412, 60 L.Ed.2d 1070 (1979); *Commonwealth v. Goodwin*, 460 Pa. 516, 527–528, 333 A.2d 892, 897 (1975); *Commonwealth v. Futch, supra* 447 Pa. at 394, 290 A.2d at 419. Furthermore, it is now settled that time

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** Appellant was arrested in 1974, prior to the decision in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), where the Supreme Court first enunciated the six hour rule.

devoted to a polygraph examination, when agreed to by the accused and administered promptly thereafter, will not be considered "unnecessary delay." *Commonwealth v. Hernandez, supra* 498 Pa. at 415, 446 A.2d at 1273; *Commonwealth v. Smith,* 487 Pa. at 631, 410 A.2d at 790; *Commonwealth v. Hitson, supra* 482 Pa. at 407, 393 A.2d at 1171; *Commonwealth v. Blagman, supra* 458 Pa. at 436, 326 A.2d at 299.

Appellant was arrested at or about 7:30 p.m. on May 5, 1974. His pre-polygraph interview commenced at 9:20 p.m., after he had been processed and warned of his *Miranda* rights and had signed a consent to submit to a polygraph examination. He began to give a statement, was warned again of his rights to remain silent and to have counsel present, and confessed at or about 9:40 p.m., less than two and a half hours after his arrest. The confession was thereafter reduced to writing and signed by appellant at 11:00 p.m., three and a half hours after arrest. The suppression court's finding that there had been no unreasonable delay, therefore, was fully sustained by the record, and a contrary contention in post verdict motions would have been frivolous. Counsel was not ineffective for failing to preserve this issue for appellate review.

Order affirmed.