467 A.2d 364

**COMMONWEALTH of Pennsylvania**

v.

**Wayne PRITCHETT, Appellant.**

Superior Court of Pennsylvania.

Submitted April 28, 1983.

Filed Oct. 14, 1983.

Petition for Allowance of Appeal Denied Feb. 8, 1984.

Donald S. Bronstein, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

362

Before ROWLEY, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

Wayne Pritchett was tried by jury and found guilty of first degree murder, conspiracy and weapons offenses in connection with the ambush shooting of a rival gang member in Philadelphia on September 19, 1973. A sentence of life imprisonment was affirmed by the Supreme Court on direct appeal. *Commonwealth v. Pritchitt*, 468 Pa. 10, 359 A.2d 786 (1976).[1] On April 2, 1980, Pritchett filed a counselled P.C.H.A. petition which was denied after hearing. On appeal, Pritchett argues that trial counsel, who also represented him on direct appeal, was constitutionally ineffective (1) because he failed to object at trial to the introduction of inculpatory statements which allegedly were the product of unnecessary delay between arrest and arraignment; (2) because he failed to argue that Pritchett's inculpatory statements had been obtained by police in violation of the interested adult rule; and (3) because he failed to raise on direct appeal the trial court's refusal to instruct the jury on involuntary manslaughter. There is no merit in these contentions; and, therefore, we affirm the order dismissing Pritchett's P.C.H.A. petition.

Pritchett was arrested at or about 3:15 a.m. on October 23, 1973. Upon arrival at the Police Administration Building, he was left alone from 4:02 a.m. until 5:27 a.m. At that time a police detective entered the room and advised Pritchett of his *Miranda* rights. Pritchett waived those rights and gave an inculpatory statement in which he said that he had been a member of the gang which had killed the victim and that he had been present with the killer at the time of the shooting. He denied, however, that he had done the shooting. This interview continued until 7:15 a.m., when Pritchett's father was advised that his son had given a statement. At 8:00 a.m., Pritchett was taken to the rest room, given water and again left alone. At 9:25 a.m. he

---

**1.** The record in the instant proceedings suggests that appellant's surname is more correctly "Pritchett."

was told that a co-defendant had accused him of firing the shotgun which killed the victim. Pritchett was fed, met with his father and agreed to submit to a polygraph examination. This examination began at 12:15 p.m. After it had been completed, Pritchett was told that he had failed it. He thereupon confessed, at 2:30 p.m., to pulling the trigger of the fatal weapon. He was fed again and allowed to rest. He signed a formal, written statement in his father's presence at 5:20 p.m.

Trial counsel filed a pre-trial motion to suppress Pritchett's confession on grounds that the police had used coercion, including physical abuse, threats and vile language, to extract the confession and that Pritchett had been too frightened to comprehend what he was signing. The motion was denied, and the objection was not renewed at trial. On direct appeal, counsel attempted to argue that Pritchett's statements had been the result of unnecessary pre-arraignment delay and that their suppression was required by Pa.R.Crim.P. 118 (now Pa.R.Crim.P. 130) and the holding in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). The Supreme Court held that the issue had not been preserved by prior objection and refused to consider it. *Commonwealth v. Pritchett, supra.* Pritchett contends that trial counsel was ineffective for failing to preserve the issue for appellate review.

We determine first whether there is arguable merit to the claim that appellant's confessions were the product of undue pre-arraignment delay. Only if we determine that there would have been arguable merit to such a contention must we inquire as to counsel's reasons for not preserving the claim. See: *Commonwealth v. Tann*, 500 Pa. 593, 599–600, 459 A.2d 322, 326 (1983); *Commonwealth v. Linch*, 318 Pa.Super. 590, 592, 465 A.2d 1010, 1011 (1983); *Commonwealth v. Costanzo*, 309 Pa.Super. 267, 271–72, 455 A.2d 153, 155 (1983); *Commonwealth v. Tran*, 307 Pa.Super. 489, 496, 453 A.2d 993, 996 (1982).

Pritchett's arrest was in 1973, well before the Supreme Court's decision in *Commonwealth v. Davenport*,

471 Pa. 278, 370 A.2d 301 (1977), which established a six hour rule. Under the *Futch* rule, a three pronged test was applicable to determine whether delay between arrest and arraignment required exclusion of an inculpatory statement given during such interval. "The delay must be unnecessary; evidence that is prejudicial must be obtained; and the incriminating evidence must be reasonably related to the delay." *Commonwealth v. Leroy Smith,* 487 Pa. 626, 630, 410 A.2d 787, 789–790 (1980), quoting *Commonwealth v. Williams,* 455 Pa. 569, 572, 319 A.2d 419, 420 (1974); *Commonwealth v. Van Cliff,* 483 Pa. 576, 587, 397 A.2d 1173, 1179, *cert. denied,* 441 U.S. 964, 99 S.Ct. 2412, 60 L.Ed.2d 1070 (1979); *Commonwealth v. Keith Smith,* 317 Pa.Super. 118, 125, 463 A.2d 1113, 1116 (1983); *Commonwealth v. Miller,* 293 Pa.Super. 281, 286, 438 A.2d 995, 997 (1981); *Commonwealth v. Hadden,* 265 Pa.Super. 112, 115, 401 A.2d 826, 827 (1979). See also: *Commonwealth v. Jenkins,* 500 Pa. 144, 146 n. 2, 454 A.2d 1004, 1005 n. 2 (1982) (collecting cases). However, the only period relevant to a determination of whether there has been undue delay is the time between appellant's arrest and the giving of his initial incriminating statement. *Commonwealth v. Bogan,* 482 Pa. 151, 159, 393 A.2d 424, 428 (1978) (plurality opinion); *Commonwealth v. Carter,* 481 Pa. 495, 500, 393 A.2d 13, 16 (1978); *Commonwealth v. Rowe,* 459 Pa. 163, 168, 327 A.2d 358, 361 (1974); *Commonwealth v. Boykin,* 276 Pa.Super. 56, 62, 419 A.2d 92, 95 (1980). See: *Commonwealth v. Keith Smith, supra* 317 Pa.Super. at 126, 463 A.2d at 1117. Moreover, the time devoted to transporting appellant to the Police Administration Building after his arrest at home must be excluded from the relevant period. See: *Commonwealth v. Hitson,* 482 Pa. 404, 407, 393 A.2d 1169, 1171 (1978) (plurality opinion); *Commonwealth v. Riley,* 284 Pa.Super. 280, 288–289, 425 A.2d 813, 817 (1981); *Commonwealth v. Terebieniec,* 268 Pa.Super. 511, 520, 408 A.2d 1120, 1124 (1979).

■ Only two and one-quarter hours had elapsed between appellant's arrest and his initial confession. Excluding the

forty minutes devoted to transporting appellant to the Administration Building, the delay was approximately one and one-half hours. Under *Futch* and its progeny, this delay did not require the suppression of the ensuing confession. Although the reasons for this delay do not appear and, therefore, suggest that it was "unnecessary," it seems clear that appellant's first incriminating statement was not related to this delay, for appellant had been left alone to rest and was not interrogated during most of this period. See: *Commonwealth v. Williams*, 476 Pa. 344, 348, 382 A.2d 1202, 1204 (1978) (delay unrelated to confession where defendant interrogated for two hours and fifty-five minutes in four separate interviews out of a four and one-half hour period); *Commonwealth v. Young*, 460 Pa. 598, 600–601, 334 A.2d 252, 253 (1975) (delay unrelated to confession where defendant interrogated for one hour and twenty-five minutes during five hour period and otherwise left to rest, eat, or be processed); *Commonwealth v. Hill*, 267 Pa.Super. 264, 268, 406 A.2d 796, 798 (1979) (delay unrelated to confession where only half of four hour period of delay devoted to questioning). See also: *Commonwealth v. Starks*, 484 Pa. 399, 406–407, 399 A.2d 353, 356 (1979); *Commonwealth v. Rowe, supra* 459 Pa. at 169, 327 A.2d at 361.

■ The fact that the formal written statement in which appellant admitted to pulling the trigger of the murder weapon was not signed until 5:20 p.m., does not require a different result. The additional delay, explained in part by Pritchett's resting, eating a meal and conferring with his father, the need to resolve the conflict between appellant's statement and that of a co-defendant, and the use of the polygraph,[2] was not prejudicial. Appellant had been fully

2. A polygraph examination is a necessary step in the investigative process, and delay related thereto is not unnecessary. See: *Commonwealth v. Hernandez*, 498 Pa. 405, 415, 446 A.2d 1268, 1273 (1982); *Commonwealth v. Smith*, 487 Pa. 626, 631, 410 A.2d 787, 790 (1980); *Commonwealth v. Hitson*, 482 Pa. 404, 407, 393 A.2d 1169, 1171 (1978); *Commonwealth v. Blagman*, 458 Pa. 431, 436, 326 A.2d 296, 299 (1974); *Commonwealth v. Keith Smith*, 317 Pa.Super. 118, 126,

inculpated by his earlier statement in which he admitted being a knowing accomplice to a willful, premeditated killing, and the delay thereafter did not increase the degree of his guilt. See: *Commonwealth v. James Smith*, 480 Pa. 524, 391 A.2d 1009 (1978); *Commonwealth v. Bridges*, 475 Pa. 535, 381 A.2d 125 (1977); *Commonwealth v. Leach*, 455 Pa. 448, 317 A.2d 293 (1974); *Commonwealth v. Rife*, 454 Pa. 506, 312 A.2d 406 (1973). See also and compare: *Commonwealth v. Van Cliff, supra* (subsequent written confession obtained five and one-half hours after arrest not prejudicial when it merely reiterated earlier oral confession unrelated to delay); *Commonwealth v. Carter, supra* (second statement following polygraph examination, pointing out inaccuracies in statement given five hours previously was properly admitted based upon only brief delay between arrest and first inculpatory statement); *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1975) (although investigation took twenty hours, incriminating statement given two and one-half hours after arrest, and later statements not additionally incriminating); *Commonwealth v. Hill, supra* (written statement, given fourteen or fifteen hours after arrest, merely elaborated upon earlier statement given approximately four hours and five minutes after arrest).

We conclude, therefore, that appellant's inculpatory statements were not subject to suppression on grounds of unnecessary pre-arraignment delay and that a contrary argument would have been lacking in merit. It follows that trial counsel was not ineffective for failing to preserve the issue for review on direct appeal. See: *Commonwealth v. Keith Smith, supra.*

In *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), *cert. denied*, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976), the Supreme Court established a per se rule that an accused under 18 years of age may not effectively waive his or her rights against self-incrimination

463 A.2d 1113, 1117 (1983). In this case, two and one-quarter hours were consumed by preparation for and administration of the polygraph examination.

without first being given an opportunity to consult with an attorney or with an interested adult. See also: *Commonwealth v. Hernandez*, 498 Pa. 405, 409, 446 A.2d 1268, 1270 (1982); *Commonwealth v. Henderson*, 496 Pa. 349, 437 A.2d 387 (1981); *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981); *Commonwealth v. Nelson*, 488 Pa. 148, 411 A.2d 740 (1980) (opinion in support of affirmance); *Commonwealth v. Barnes*, 482 Pa. 555, 394 A.2d 461 (1978); *Commonwealth v. Carr*, 320 Pa.Super. 1, 7, 466 A.2d 1030, 1033 (1983); *Commonwealth v. Green*, 315 Pa.Super. 564, 462 A.2d 736 (1983); *Commonwealth v. Paz*, 313 Pa.Super. 250, 459 A.2d 834 (1983); *Commonwealth v. Rochester*, 305 Pa.Super. 364, 451 A.2d 690 (1982).

Pritchett's trial had been completed prior to the decision in *McCutchen*. However, his appeal had not been argued when *McCutchen* was decided. He now contends that because he was 17 years, 8 months and 25 days old at the time of his arrest, prior counsel was ineffective for failing to raise a *McCutchen* issue on appeal.

 It is well settled that counsel will not be deemed ineffective for failing to raise meritless claims on appeal. See: *Commonwealth v. Unger*, 494 Pa. 592, 432 A.2d 146 (1980); *Commonwealth v. Tarver*, 491 Pa. 253, 420 A.2d 438 (1980); *Commonwealth v. Wilkerson*, 490 Pa. 296, 416 A.2d 477 (1980); *Commonwealth v. Donald Jones*, 301 Pa.Super. 364, 447 A.2d 1009 (1982); *Commonwealth v. Hook*, 300 Pa.Super. 181, 446 A.2d 290 (1982); *Commonwealth v. Reidenbaugh*, 282 Pa.Super. 300, 422 A.2d 1126 (1980); *Commonwealth v. Morgan*, 273 Pa.Super. 124, 416 A.2d 1121 (1979); *Commonwealth v. Fox*, 272 Pa.Super. 8, 414 A.2d 642 (1979). Here the claim was meritless because it had not been preserved by objection during or prior to trial. Thus, if counsel had attempted to raise a *McCutchen* issue on appeal, it would have been rejected because the issue had not been preserved for appellate review.

When appellant was arrested on October 23, 1973, there was no provision in Pennsylvania law requiring that a waiver of *Miranda* rights by a juvenile be preceded by an

opportunity to consult with an informed, interested adult. Pritchett's pre-trial motion to suppress was filed on January 29, argued on February 28 and denied on May 28, 1974. Trial commenced on July 8, 1974 and concluded on July 12. Post verdict motions were filed on July 19, 1974, argued on October 22, and decided on December 20. Because Pritchett's direct appeal was pending at the time *McCutchen* was decided, he could theoretically have taken advantage of the per se rule and argued a violation thereof before the Supreme Court. See: *Commonwealth v. Hernandez, supra,* 498 Pa. at 410, 446 A.2d at 1270–1271; *Commonwealth v. Barnes, supra,* 482 Pa. at 557 n. 2, 394 A.2d at 462 n. 2; *Commonwealth v. Chaney,* 465 Pa. 407, 409, 350 A.2d 829, 830 (1976); *Commonwealth v. Carr, supra,* 320 Pa.Super. at 8, 466 A.2d at 1034. In order to argue the issue on appeal, however, it was necessary that it first have been preserved for appellate review by having been raised in the trial court. Here, a *McCutchen* issue had not been preserved. In *Commonwealth v. Hernandez, supra,* a similar problem was addressed by the Supreme Court as follows:

The heart of the *McCutchen* rule is the concern that the immaturity of a minor defendant requires its added protection. See *Commonwealth v. Barry Smith,* 472 Pa. 492, 372 A.2d 797 (1977). Since the post-trial motions occurred before the definitive articulation of the *McCutchen* concept, some latitude must necessarily be allowed in a determination as to whether or not the issue was in fact raised. Nevertheless, *the preservation of the question must depend on it being established that the gravamen of the concern was presented as a basis for relief.* In this instance it is clear that the attack upon the confession did not touch upon those considerations which led to the formulation of the McCutchen doctrine.

Moreover, the *Barnes* and *Chaney* decisions providing for the retroactive application of *McCutchen* to then pending cases can in no way be construed as allowing new issues to be introduced which were not then under consideration in those proceedings. The retroactive appli-

cation of *McCutchen* represented the implicit acceptance of the view that fairness dictated the applicability of the newly announced principle to all similarly situated litigants. *Commonwealth v. Hill,* 492 Pa. 100, 111, 422 A.2d 491, 497 (1980) (Opinion in Support of Reversal, Roberts, J.); *Commonwealth v. Cain,* 471 Pa. 140, 167, 369 A.2d 1234, 1248 (1977) (Opinion in Support of Affirmance, Pomeroy, J.). In such an instance it is fair to conclude that all of those litigants were in the same situation and the outcome of their lawsuit should not depend on a race to the courthouse. However, *a different situation obtains where one has seen fit to raise the objection and another has not. We therefore conclude that appellant has failed to preserve the McCutchen claim for our review.* (emphasis added).

*Id.* 498 Pa. at 411, 446 A.2d at 1271. Because a *McCutchen* issue, if raised on direct appeal, would not have been considered, prior appellate counsel cannot be deemed ineffective for failing to inject the issue at that time. He cannot be held ineffective for failing to do a useless act.

■■■■ So also, counsel cannot be deemed ineffective for failing to raise a *McCutchen* issue at trial. He will not be deemed ineffective for failing to predict future developments in the law. *Commonwealth v. Triplett,* 476 Pa. 83, 89, 381 A.2d 877, 881 (1977); *Commonwealth v. McCloud,* 312 Pa.Super. 29, 42, 458 A.2d 219, 225 (1983); *Commonwealth v. Warren,* 307 Pa.Super. 221, 224, 453 A.2d 5, 7 (1982); *Commonwealth v. Brinton,* 303 Pa.Super. 14, 21, 449 A.2d 54, 58 (1982). Pritchett's trial preceded the *McCutchen* decision by more than a year. Although the legal profession had been given some warning that a per se rule requiring the presence of an interested adult was being considered by the Supreme Court in its decisions in *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974) and *Commonwealth v. Starkes,* 461 Pa. 178, 335 A.2d 698 (1975), these decisions came too late to alert Pritchett's trial

counsel.[3] Pritchett's trial had been concluded on July 12, 1974; and post-verdict motions were due within ten days thereafter. They were filed timely on July 19 and argued on October 22, 1974.

At trial, counsel made an oral request for an instruction that the jury could find Pritchett guilty of involuntary manslaughter. This the trial court refused. Appellant contended at the P.C.H.A. hearing that counsel's failure to argue on direct appeal that the trial court's ruling was erroneous constituted ineffective assistance of counsel.[4]

Under current law, an accused is entitled to a jury instruction on involuntary manslaughter upon request if the same has been made an issue in the case, and if the facts will support such a finding. *Commonwealth v. D'Ambro,* 500 Pa. 303, 307, 456 A.2d 140, 143 (1983), quoting *Commonwealth v. Williams,* 490 Pa. 187, 190, 415 A.2d 403, 404 (1980); *Commonwealth v. Keaton,* 494 Pa. 566, 568, 431 A.2d 999, 1000 (1981); *Commonwealth v. Morris,* 492 Pa. 565, 567, 424 A.2d 1336, 1337 (1981); *Commonwealth v. White,* 490 Pa. 179, 185, 415 A.2d 399, 402 (1980). This rule originated with a triumvirate of 1977 plurality decisions by the Supreme Court which interpreted the "new" Crimes Code, effective June 6, 1973, to require that a jury instruction on involuntary manslaughter be given even where there had been no separate indictment for that crime. See:

3. In *Roane,* the Court ruled that an accused's confession should have been suppressed where his mother wanted no statement taken without counsel, but the police nevertheless persuaded the accused to confess. In *Starkes,* the accused's mother had been present to advise her son, but she was not informed of his constitutional rights before she advised him to give a statement.

4. In dismissing post-trial motions, the court en banc held that appellant had waived the involuntary manslaughter issue by failing to include it in written post-trial motions. However, counsel had submitted written motions on July 19, 1974, seven days after the verdict, which included an allegation that the court had erred in "refusing to grant further instructions as requested by defendant during oral exceptions to the charge." The only additional instruction requested was for a charge on the lesser offense of involuntary manslaughter. Therefore, the issue was adequately raised in post-verdict motions. The Commonwealth's argument to the contrary is without merit.

*Commonwealth v. Ford,* 474 Pa. 480, 378 A.2d 1215 (1977) (Opinion of Pomeroy, J., joined by Jones, C.J., announcing the decision of the Court); *Commonwealth v. Garcia,* 474 Pa. 449, 378 A.2d 1199 (1977) (Opinion of Roberts, J., joined by O'Brien, J. and Manderino, J., announcing the decision of the Court); *Commonwealth v. Polimeni,* 474 Pa. 430, 378 A.2d 1189 (1977) (Opinion of Pomeroy, J., joined by Eagen, J., announcing the decision of the Court). Accord: *Commonwealth v. Hinson,* 485 Pa. 626, 403 A.2d 564 (1979) (Opinion of Roberts, J., joined by O'Brien, J. and Manderino, J. in support of affirmance); *Commonwealth v. Dussinger,* 478 Pa. 182, 386 A.2d 500 (1978) (Opinion of O'Brien, J., announcing the decision of the Court). Prior to these decisions, the law in Pennsylvania had been well settled that where a defendant in a murder case was not indicted for involuntary manslaughter, the jury could not properly convict on that charge and, therefore, jury instructions on involuntary manslaughter were unnecessary. See: *Commonwealth v. Garcia, supra* 474 Pa. at 455, 378 A.2d at 1203; *Commonwealth v. Polimeni, supra* 474 Pa. at 434–435, 378 A.2d at 1191 (collecting cases).[5] Although Pritchett had been indicted separately for involuntary manslaughter when formal charges were lodged, that charge was officially withdrawn at arraignment and was not pursued thereafter. Under the law, as it was understood by bench and bar at the time of Pritchett's trial, he could not have been convicted of involuntary manslaughter. Therefore, the court properly refused the requested instruction.

Although Pritchett was charged and convicted of murder under the Crimes Code, we decline to find that counsel was ineffective in 1974 for failing to predict the Supreme Court's decisions in 1977. In *Commonwealth v. Green,* 487 Pa. 635, 410 A.2d 792 (1980), Green had been convicted of

---

5. Previous law in Pennsylvania derived from the early holding in *Commonwealth v. Gable,* 7 Serg. & R. 423 (Pa.1821) that "involuntary manslaughter is never a permissible verdict on a murder indictment." *Commonwealth v. Garcia, supra* 474 Pa. at 455–456, 378 A.2d at 1202. See, e.g., *Commonwealth v. Jackson,* 450 Pa. 417, 419 n. 2, 299 A.2d 209, 210 n. 2 (1973); *Commonwealth v. Hoffman,* 439 Pa. 348, 357, 266 A.2d 726, 731 (1970).

voluntary manslaughter upon indictments of murder and voluntary manslaughter in connection with a killing which had occurred on March 4, 1976, nearly two years after the conclusion of the Pritchett trial. Green contended in a P.C.H.A. petition that trial counsel had been ineffective in failing to request a jury instruction on involuntary manslaughter. The Supreme Court rejected Green's contention because at the time of trial the Court had "not yet decided that a defendant charged with murder and voluntary manslaughter would be entitled to a charge on request on involuntary manslaughter." *Id.*, 487 Pa. at 637, 410 A.2d at 793.

The record supports the trial court's determination that prior counsel was not constitutionally ineffective. The dismissal of appellant's P.C.H.A. petition, therefore, was proper.

Order affirmed.

POPOVICH, J., concurred in the result.