437 A.2d 958

**COMMONWEALTH of Pennsylvania,**

**v.**

**Harold JONES, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1981.

Decided Dec. 17, 1981.

Gary Kleitman, Norristown, for appellant.

Ronald T. Williamson, Chief, Appeals Div., Norristown, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

WILKINSON, Justice.

On October 25, 1974, appellant was convicted by a jury of violations of The Controlled Substance, Drug, Device and Cosmetic Act.[1]  Post-verdict motions were denied and the Superior Court affirmed the judgment of sentence. A petition for allowance of appeal was subsequently denied on February 11, 1977. Appellant then petitioned for relief under the Post Conviction Hearing Act[2] (PCHA). After an evidentiary hearing, at which appellant was represented by new counsel, the PCHA Court denied relief. The Superior Court affirmed the denial, *Commonwealth v. Jones*, 263 Pa.Super.Ct. 149, 397 A.2d 790 (1978) (Spaeth, dissenting joined by Jacobs, P.J.), and allocatur was granted on June 18, 1979.

[1]. Act of April 14, 1972, P.L. 233, *as amended*, § 1 et seq., 35 P.S. § 780–101 et seq.

[2]. Act of January 25, 1966, P.L. (1965) 1580, *as amended*, § 1 et seq., 19 P.S. § 1180–1 et seq., repealed by Section 2(a)[1397] of the Act of April 28, 1978 (Judiciary Act Repealer Act), P.L. 202, as amended by Section 2 of the Act of June 26, 1980, P.L. 265, which delayed repeal until June 27, 1981, as further amended by Section 1 of Act 41 of 1981, P.L. ——, which delayed repeal until June 27, 1982.

On this post-conviction appeal, appellant claims that trial counsel was ineffective for failing to interview an eyewitness who allegedly would have provided exculpatory testimony had he been called to testify. Appellant maintains that there was no reasonable basis for trial counsel's failure to interview the witness and that this Court's decision in *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976) compels the grant of a new trial. We agree.

The relevant facts are as follows. Appellant was convicted for allegedly selling four packets of heroin to an undercover policeman. The Commonwealth's evidence at trial consisted of testimony by the undercover policeman that appellant sold him the heroin for $40 and that the transaction was arranged by George Paine, an informant, who introduced appellant to the undercover officer. Appellant, the sole defense witness, denied selling heroin to the officer and alleged that Mr. Paine was an eyewitness to the entire course of events. Mr. Paine was not called to testify at trial, nor did trial counsel interview this prospective witness prior to deciding not to call him to testify at trial.[3]

At the outset, we must emphasize the well-established standard "that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the *particular* course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). Using this standard, and after examining the testimony adduced at the PCHA hearing, we find that trial counsel in this case was not constitutionally effective.

Trial counsel testified at the PCHA hearing that although Mr. Paine was made available to him by the Commonwealth, he was reluctant to call him because he had no control over what Mr. Paine would say on the witness stand. It is

---

**3.** Trial counsel testified that he was unable to locate Mr. Paine prior to the start of trial, but that the Commonwealth had informed him before his presentation of the defense, that Mr. Paine had been located and was available to testify.

apparently counsel's position that since Mr. Paine had been an informant in other drug cases and had allegedly been in protective custody prior to trial, his testimony would have been favorable to the Commonwealth and harmful to appellant.

In *Commonwealth v. Mabie, supra,* this Court concluded under similar factual circumstances that there was no reasonable basis for counsel's failure to interview eyewitnesses prior to deciding not to call them at trial. There we stated:

> However hostile these witnesses may have appeared to be, there is no basis for the decision neither to interview them nor to attempt to do so. While hostile witnesses at trial may have presented added difficulties to appellant's case, the question here is the decision not to interview them, not the decision to refrain from calling them at trial. Accordingly, there was no danger of hostile witnesses inflaming a jury during an interview to determine what each saw and their degree of potential hostility. Rather, the value of the interview is to inform counsel of the facts of the case so that he may formulate strategy. Perhaps, after questioning these witnesses, counsel may have concluded that the best strategy was not to call them due to hostility and, as a matter of strategy, that decision on counsel's part would not be subject to a claim of ineffective assistance of counsel. *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973). *However, no such claim of strategy can be attached to a decision not to interview or make an attempt to interview eyewitnesses prior to trial.* Therefore, no reasonable basis designed to effectuate Mabie's interest can be attributed to counsel's failure to question these witnesses or at least make a reasonable attempt to do so.

*Id.,* 467 Pa. at 475, 359 A.2d at 374–75 (emphasis added). Here, as in *Mabie,* counsel's decision not to interview an available eyewitness to the incident does not amount to effective representation of counsel.

Further, the case below turned primarily on the question of credibility and the jury chose to accept the testimony of

the undercover policeman over that of appellant. At the PCHA hearing, however, Mr. Paine offered exculpatory testimony which corroborated appellant's trial testimony and may have substantially aided the defense.

> In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel.

*Commonwealth v. Abney*, 465 Pa. 304, 309, 350 A.2d 407, 410 (1976) (quoting *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975)).

It is not for this Court to decide what effect Mr. Paine's testimony may have had on the jury if he had been called to testify. Matters of credibility are best left to the fact-finders. *Commonwealth v. Adams*, 465 Pa. 314, 322, 350 A.2d 412, 416 (1976).

Accordingly, the order of the Superior Court denying post-conviction relief is reversed. The judgment of sentence is vacated and a new trial is granted.