453 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**Robert McKNIGHT, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1982.

Filed Oct. 15, 1982.

Reargument Denied Dec. 27, 1982.

Petition for Allowance of Appeal Denied May 4, 1983.

Marc Alan Krefetz, Philadelphia, for appellant.

Nancy Dena Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and BECK, JJ.

BECK, Judge:

Appellant was convicted by a jury of robbery and criminal conspiracy. His *nunc pro tunc* post-verdict motions were argued and denied. Thereafter he was sentenced to incarceration of from eight to sixteen years on the robbery conviction and from one to two years on the criminal conspiracy conviction; said sentences to run consecutively.

The charges resulted from an August 21, 1979 robbery of a Northeast Philadelphia bar. Two men wearing stockings over their heads entered through the front door of the bar; one was carrying a shotgun and the other a pistol. Notes of Testimony ("N.T.") 9/17/80 at 32. A third man entered through the rear door. He also wore a stocking over his head and carried a pistol. *Id.* They ordered the people in the bar to lie on the floor and threatened to kill them. *Id.* at 32–34. After taking money and personal possessions from the patrons and employees, the robbers ordered them to enter the bathroom, and they left. *Id.* at 34–36. At trial none of the people in the bar was able to supply a description of the robbers. The manager who was tending bar at the time of the robbery testified at trial that he was unable to see the faces of any of the robbers because of the stockings pulled over their heads. *Id.* at 35. He stated that he was only able to ascertain that they were black men, but he was unable to discern their features. *Id.* at 35, 38.

The only testimony linking appellant and two co-defendants, Michael Forrest and Clifton Fruster, to the crime was provided by Robert Duld who stated that he was driving home from work when he saw three men backing out of the bar and pulling off their masks. *Id.* at 45–47. He stated that one was carrying a shotgun. *Id.* at 46. He testified that it was broad daylight and that he stopped his car when

he saw them leaving the bar. *Id.* at 47. But it was clear from his testimony that his opportunity for observation was not ideal. He saw them from behind and at a distance of approximately twenty feet. After exiting the bar, the three men proceeded hurriedly in the opposite direction from the witness. He stated that he never observed them from a distance of any less than twenty feet, and he never saw more than a profile of any of the three.[1] *Id.* at 65–67.

Appellant correctly notes that trial counsel failed to request an instruction concerning identification testimony and that the trial court failed to instruct the jury concerning such testimony. It is clear that trial counsel failed to preserve the issue of whether the trial court erred in failing to instruct the jury on identification testimony. The question we face then is whether this omission to preserve that issue amounted to ineffective assistance of counsel.[2] Our standard for evaluating such claims is well-settled:

> In considering appellant's claim of ineffective counsel, we are governed by *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), where we held that a

1. We find it curious that although Duld testified at trial that he recognized the three men and knew the nicknames of two of them, "Tweety Bird" (appellant herein) and "Jellyfish" (Fruster), he also testified that he failed to supply their names to Officer Martin T. Walsh when he called him the evening of the robbery. N.T. 9/17/80 at 45–48, 132–133.

   Officer Walsh testified that he heard no more from Duld until the 24th, three days after the robbery. On that date, he received two calls from the witness. In the first conversation, the witness stated that he had decided to tell his story to the detectives, although he did not think they would believe it. Later, Officer Walsh received a second call from the witness who stated that he had just shot someone and that the police were waiting outside his house. *Id.* at 138–139. (In a rather bizarre twist, Duld shot co-defendant Forrest and was taken into custody for the shooting, but he was released and not charged.)

2. Since "[t]his is the first stage of the proceedings at which trial counsel is no longer representing appellant [,] allegations of his ineffectiveness are properly raised in this direct appeal." *Commonwealth v. Webster,* 490 Pa. 322, 325, 416 A.2d 491, 492 (1980). We note that our disposition of this ineffectiveness claim obviates the need to address appellant's other claims.

court must independently review the record and examine counsel's stewardship in light of available alternatives. The inquiry ceases and counsel is deemed to have been effective once the court is able to conclude that counsel's actions had a reasonable basis designed to effectuate the client's interests. The test is not whether it appears on hindsight that another course of action would have been more reasonable. Further, counsel is not ineffective in failing to assert a baseless claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

*Commonwealth v. Schroth,* 495 Pa. 561, 564, 435 A.2d 148, 149 (1981).

■ We therefore evaluate the foregone claim to see whether it bore arguable merit. If it did, we must ascertain whether counsel had a reasonable basis for foregoing that claim. *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025 (1980).

The Commonwealth argues that appellant's foregone claim was meritless because under *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954), *cert. denied,* 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 689 (1954), the requested instruction "is required where a witness has equivocated in his identification or has previously failed to identify a defendant." Commonwealth's brief at 11. In so discussing that case, the Commonwealth omits the primary prong of the *Kloiber* test for when the court is required to instruct the jury to receive identification testimony with caution: "where the witness is not in a position to clearly observe the [robbers.]" *Id.,* 378 Pa. at 424, 106 A.2d at 826–827. Of course, "[w]here the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received with caution[.]" *Id.,* 378 Pa. at 424, 106 A.2d at 826.

We are convinced by our foregoing review of Mr. Duld's testimony concerning his observation at the robbery scene, that his opportunity positively to identify the three men was far from optimal.

It is true, as the Commonwealth asserts, that a central focus of the defense was that Duld's testimony was unbelievable, and that in fact Duld fabricated his account in order to maliciously implicate appellant and his co-defendants because of ill-will toward them; ill-will that could have culminated in the shooting by Duld of co-defendant Forrest and the decision by Duld to frame them for a crime they did not commit.

It is equally clear, however, that a second focus of the defense was to point out the poor opportunity that Duld had to observe the three men leaving the bar.

It is well-established that where there is evidence of record upon which a jury could find that the opportunity for positive identification was not good, a defendant is entitled to a *Kloiber* instruction. *E.g., Commonwealth v. Mouzon,* 456 Pa. 230, 318 A.2d 703 (1974); *Commonwealth v. Johnson,* 433 Pa. 34, 248 A.2d 840 (1969); *Commonwealth v. Boone,* 286 Pa.Super. 384, 428 A.2d 1382 (1981).

We find that appellant's trial counsel could have had no reasonable basis for failing to request an instruction that Mr. Duld's identification testimony should be evaluated with caution. If, as the Commonwealth suggests, he neglected to do so because he chose to rely on a theory that the whole story was fabricated out of malice toward the defendants, we find that decision to have been unreasonable. Appellant was clearly not required to choose one theory over the other. There was evidence of record demonstrating Duld's poor opportunity to observe. Failing to request a cautionary instruction, therefore, had no reasonable basis.

Judgment of sentence reversed and new trial granted.