465 A.2d 1010

**COMMONWEALTH of Pennsylvania**

**v.**

**Malcolm R. LINCH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1982.

Filed July 29, 1983.

Reargument Denied Oct. 7, 1983.

Richard Keith Renn, Assistant Public Defender, York, for appellant.

Floyd Paul Jones, Assistant District Attorney, York, for Commonwealth, appellee.

Before CAVANAUGH, BECK and MONTEMURO, JJ.

BECK, Judge:

Appellant, Malcolm R. Linch, was convicted by a jury of violating The Controlled Substance, Drug, Device and Cosmetic Act [1] by selling cocaine to a narcotics agent. Timely post-trial motions were filed and denied and an appeal was taken to this Court which affirmed judgment of sentence.

■ Subsequently appellant filed a pro se petition and amended petition seeking post conviction relief under the Post Conviction Hearing Act ("PCHA") alleging *inter alia* that his trial counsel, who was also counsel on appeal, was

1. Act of April 14, 1972, P.L. 233, *as amended,* § 1 et seq., 35 P.S. § 780–113(a)(30).

ineffective in failing to contact certain eyewitnesses whose testimony he claimed would have been favorable to his defense.[2]   After a hearing at which appellant proceeded pro se, post conviction relief was denied.   This appeal is from the July 1, 1981 order denying that relief.

█   The test for evaluating a claim foregone under the ineffectiveness of counsel calculus is well-settled:

We [initially] evaluate the foregone claim to see whether it bore arguable merit.   If it did, we must ascertain whether counsel had a reasonable basis for foregoing that claim.

*Commonwealth v. McKnight*, 307 Pa.Super. 213, 217, 453 A.2d 1, 3 (1982) (citing *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980)).

We proceed to review the facts underlying the ineffectiveness claim in that light.   On May 18, 1976, Keith Miller, who was an undercover narcotics agent, went to appellant's home.   He was accompanied by an informant named Richard "Honky" Jackson and an unidentified man whom Jackson knew.   The three men entered appellant's home seeking to purchase cocaine.   Miller testified that he purchased from appellant six glassine bags of cocaine.   He also testified that he returned to appellant's residence on May 25, 1976, accompanied by a woman whom he had only recently met at a bar and whom he knew only as "Suzie," and purchased from appellant six more glassine bags of cocaine.

Appellant and Darlene Sheeler, who was living with him during the relevant period and who is the mother of three of appellant's children, both testified that the agent and the other individuals indeed did come to their residence and did seek to purchase narcotics, but that appellant did not sell them any narcotics.

---

**2.**   "[I]neffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents appellant." *Commonwealth v. Webster*, 490 Pa. 322, 325, 416 A.2d 491, 492 (1980) (collecting cases). Since ineffectiveness was alleged in the instant appeal at the first stage at which trial counsel no longer represented appellant, that claim was properly preserved for our review.

It is uncontroverted further that trial counsel, although aware of the identity of Mr. Jackson, did not interview him. Appellant argues that prior counsel was ineffective in failing to ascertain the nature of this witness' testimony—testimony that appellant claims would have been beneficial to him.

Trial counsel explained at the PCHA hearing his decision not to contact Jackson. He based that decision upon his experience as a prosecutor in the area of narcotics transactions and upon Jackson's role as an informant. He concluded that Jackson's testimony would not be helpful to appellant. Trial counsel further stated that appellant agreed that Jackson *"probably* was getting some benefit from the DA's Office or the Court for doing this and *probably* would be a hostile witness to him." Notes of Testimony 10/16/80 at 13 (emphasis added).

The facts then are very similar to those presented to our Supreme Court in *Commonwealth v. Jones,* 496 Pa. 448, 437 A.2d 958 (1981). In *Jones,* our Supreme Court construed in the following manner trial counsel's position as stated at the PCHA hearing: "It is apparently counsel's position that since [the witness] had been an informant in other drug cases and had allegedly been in protective custody prior to trial, his testimony would have been favorable to the Commonwealth and harmful to appellant." *Id.,* 496 Pa. at 450–51, 437 A.2d at 959.

■ There is, of course, arguable merit in interviewing an eyewitness to a crime to ascertain whether or not to call that witness at trial. The remaining question before us is whether, in the instant case, trial counsel had a reasonable basis for not interviewing the witness. In *Jones,* the Supreme Court relied upon *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976) in squarely holding that there was no reasonable basis for failing to so interview:

However hostile these witnesses may have appeared to be, there is no basis for the decision neither to interview them nor to attempt to do so. While hostile witnesses at trial may have presented added difficulties to appellant's

case, the question here is the decision not to interview them, not the decision to refrain from calling them at trial. Accordingly, there was no danger of hostile witnesses inflaming a jury during an interview to determine what each saw and their degree of potential hostility. Rather, the value of the interview is to inform counsel of the facts of the case so that he may formulate strategy. Perhaps, after questioning these witnesses, counsel may have concluded that the best strategy was not to call them due to hostility and, as a matter of strategy, that decision on counsel's part would not be subject to a claim of ineffective assistance of counsel. *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973). *However, no such claim of strategy can be attached to a decision not to interview or make an attempt to interview eyewitnesses prior to trial.* Therefore, no reasonable basis designed to effectuate Mabie's interest can be attributed to counsel's failure to question these witnesses or at least make a reasonable attempt to do so.

*Jones*, 496 Pa. at 451, 437 A.2d at 959–60 (emphasis in original) (quoting *Mabie*, 467 Pa. at 475, 359 A.2d at 374–75). We are bound by the unanimous *Jones* decision and accordingly we find no reasonable basis for trial counsel's failure either to interview Mr. Jackson or even to seek to discover what his testimony would be at trial.

The dissent seeks to distinguish *Jones* from the instant matter because the informant-eyewitness in *Jones* testified at the PCHA hearing and offered testimony which corroborated appellant's story. While we acknowledge that this factual distinction between the two cases does exist—that is, the informant-eyewitness did not testify at the PCHA hearing in the instant appeal—the *Jones* holding cannot be read to be premised upon that distinction. In reciting the relevant facts of that case, Justice Wilkinson speaking for a unanimous Supreme Court stated:

The relevant facts are as follows. Appellant was convicted for allegedly selling four packets of heroin to an undercover policeman. The Commonwealth's evidence at

trial consisted of testimony by the undercover policeman that appellant sold him the heroin for $40 and that the transaction was arranged by George Paine, an informant, who introduced appellant to the undercover officer. Appellant, the sole defense witness, denied selling heroin to the officer and alleged that Mr. Paine was an eyewitness to the entire course of events. Mr. Paine was not called to testify at trial, nor did trial counsel interview this prospective witness prior to deciding not to call him to testify at trial.

*Jones,* 496 Pa. at 450, 437 A.2d at 959 (footnote omitted). Those facts then are virtually indistinguishable from the facts in the instant appeal. The Supreme Court held, relying upon *Mabie,* that "counsel's decision not to interview an available eyewitness to the incident does not amount to effective representation of counsel." *Jones,* 496 Pa. at 451, 437 A.2d at 960. Moreover, the factual distinction upon which the dissent relies was not present in *Mabie.* There the eyewitnesses whom defense counsel failed to interview or even to attempt to interview did not testify at the PCHA hearing. The rule of law enunciated in both *Mabie* and *Jones* was aimed at precisely the sort of conjecture in which trial counsel in the instant appeal indulged. He concluded, without interviewing the eyewitness, that the testimony he would offer at trial would be hostile to appellant. We reiterate the rationale for the *Mabie* and *Jones* holdings: "[T]here was no danger of hostile witnesses inflaming a jury during an interview to determine what each saw and their degree of hostility." *Jones,* 496 Pa. at 451, 437 A.2d at 959 (quoting *Mabie,* 467 Pa. at 475, 359 A.2d at 374).

■ Order reversed and new trial granted.[3]

CAVANAUGH, J., files a dissenting opinion.

**3.** Appellant claims also that prior counsel was ineffective in failing to ascertain the testimony of another witness, Donald Zink. Although Darlene Landis (formerly Sheeler), the woman with whom appellant lived, testified at the PCHA hearing that Zink was in their home on both occasions, she acknowledged that she never told trial counsel of Zink's existence. Also, at trial appellant did not mention Zink when

596

CAVANAUGH, Judge, dissenting:

I respectfully dissent. The majority espouses the proposition that trial counsel's failure to interview an eyewitness prior to trial is per se ineffectiveness of counsel. I disagree and feel that there must be more that this bare allegation by appellant. In my opinion, to show ineffectiveness one must also prove that a reasonble basis exists for concluding that the uninterviewed witness' testimony would assist or benefit the appellant's case. *Commonwealth v. Everett,* 297 Pa.Super. 320, 443 A.2d 1142 (1982). In doing so appellant would be demonstrating that trial counsel was ineffective in that counsel's strategy had no no reasonable basis to effectuate appellant's cause. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349, 352 (1967).

The majority relies upon *Commonwealth v. Jones,* 496 Pa. 448, 437 A.2d 958 (1981) as controlling in the instant case. Although the facts are similar in these cases the two are quite distinguishable. In *Jones,* the uninterviewed witness actually testified at the appellant's PCHA hearing and provided exculpatory testimony which corroborated the appellant's in that case. Therefore the appellant in *Jones* actually went beyond a mere allegation that trial counsel failed to interview an eyewitness. Other cases such as *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976) can be read as failure to *investigate* a case, as opposed to the situation present here where a single witness, presumptively adverse, was not interviewed.

asked who was present on those two occasions. We conclude, then, as did the lower court, that trial counsel was not aware that such a witness existed. It is, of course, clear that counsel is not ineffective for failing to contact a witness the existence of whom is not known. *E.g., Commonwealth v. Hollerbush,* 298 Pa.Super. 397, 444 A.2d 1235 (1982) (collecting cases). Accordingly, we reject this claim of ineffective counsel.