DEL SOLE, Judge.
The Commonwealth takes this appeal from the trial court’s order granting Appellee, Curtis Simmons, a new trial due to his counsel’s failure to request a cautionary Kloiber instruction. See Commonwealth v. Kloiber, 378 Pa. 412, 106 A.2d 820 (1954).
*569 The Pennsylvania Supreme Court in Kloi-ber directed that a jury should be warned that identification testimony must be received with caution where it is doubtful because:
the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identification have been weakened by qualification or by failure to identify defendant on one or more occasions.
Id. at 424, 106 A.2d at 826-827.
The Commonwealth argues that a Kloiber instruction was not warranted in this case because the witness who testified that he saw Appellee flee the scene of the crime was acquainted with Appellee and was certain in his identification of Appellee. It further submits that counsel was not ineffective for failing to seek this charge because counsel was pursuing an alternative strategy which was designed to demonstrate that the witness was lying in an attempt to frame Appellee, and not that the witness was mistaken in his identification of Appellee at the scene.
Central to a discussion of this issue is the testimony of the witness. At the preliminary hearing the witness testified that he saw Appellee and another man flee from the “shed” door of the victim’s property. At trial the witness testified that he was mistaken and that from the location where he stood at the time of the crime, he was able to see Appellee and another flee from the “side” door of the property. An investigator who examined the scene and took photographs to present in court stated that the witness would not have been able to see anyone leaving the “shed” door from the location at which he claimed to have been standing.
The Commonwealth points to this testimony in support of its position that a Kloiber instruction was unwarranted because the defense theory at trial was not that the witness made a mistake when identifying Appellee, but that the identification testimony was wholly fabricated. The Commonwealth argues that “counsel reasonably chose to steer clear of Kloiber and an ‘honest mistake’ defense in favor of a credibility defense.” What the Commonwealth ignores are counsel’s statements to the court with respect to the charge, her misapprehension concerning it, and the evidence which would support it.
At the hearing held in response to post-trial motions, defense counsel was asked to explain her reasoning to the court. She offered the following:
My impression of a Kloiber charge that it is appropriate where there has been a prior failure to identify a defendant, and where identification is in issue, because of either failure to identify a defendant in a lineup, photo array or whatever.
The thrust of my defense as far as Mr. Simmons was concerned was that this witness Frederick Johnson was simply fabricating his testimony as to having seen Mr. Simmons run from the scene of the crime.
What counsel failed to appreciate, and what is critical to the facts of this case, is that a Kloiber charge must not only be given where a witness has failed to previously identify a witness, but also where the witness was not in a position to clearly observe the assailant. Commonwealth v. Kloiber, Id. The Commonwealth argues however, that the witness’ trial testimony does away with concerns regarding identity which would be in issue if one were to concentrate on the different testimony the witness offered during the preliminary hearing. Although there was testimony that the witness could not have observed anyone leaving the “shed” door, as he had testified during the preliminary hearing, the Commonwealth reminds us that the witness later repudiated, and at trial stated that the assailants were fleeing from the “side” door, not the “shed” door.
The Commonwealth’s argument must fail because under either version of the witness’ testimony, a Kloiber charge was warranted. There was testimony offered at trial that the shed door could not be seen at all from the location at which the witness claimed he was standing at the time of the crime, and there was evidence that a person leaving from the side door could not be clearly seen. A defense witness, an investigator, testified at trial that from the “best vantage point” of the location described by the witness as the place where he was standing, the view would be partially obstructed by a railing or pole, *570 and although the side screen door could be observed, a view of anyone leaving that door would be further obstructed by the direction in which the door opens. The trial court further noted that judging from the photographs of the location submitted into evidence, the witness’ observations were made from a distance substantially greater than twenty feet, the distance which concerned the court previously in the case of Commonwealth v. McKnight, 307 Pa.Super. 213, 453 A.2d 1 (1982).
The trial court properly relied on McKnight, which in many ways is surprisingly similar in factual background to this ease. In McKnight a witness was driving home from work when he saw three men backing out of a bar pulling off masks, one of whom was carrying a shotgun. The witness testified at trial that he recognized the three men and knew the nicknames of two of these men. In a footnote in the Superior Court’s decision it is noted that the witness failed to supply the names of these three individuals to the police when he first spoke to them but he did so three days later, the same day he called the police to say that he had just shot someone and the police were outside his house. In considering a claim that counsel was ineffective for failing to request a Kloiber charge, the court remarked that it was clear from the witness’ testimony “that his opportunity for observation was not ideal. He saw them from behind and at a distance of approximately twenty feet.” Id., 307 Pa.Super. at 216, 453 A.2d at 2. The court held that the trial counsel could have had no reasonable basis for failing to request an instruction that the witness’ testimony should be received with caution. “It is well-established that where there is evidence of record upon which a jury could find that the opportunity for positive identification was not good, a defendant is entitled to a Kloiber instruction.” Id. at 218, 453 A.2d at 3.
The witness in this case first denied any knowledge of the incident when questioned by police, but later after being accused of being involved in the crime, he identified Appellee and a co-defendant by their nicknames. As in McKnight the evidence presented at trial demonstrated that the witness had a poor opportunity to observe the assailants. He was more than twenty feet away, and his view would have been obstructed by a pole and the opening of a screen door.
McKnight is also similar in that appellate counsel there chose to argue that trial counsel was not ineffective since he was pursuing a different theory, that the witness fabricated his account in order to maliciously implicate appellant because of ill-will. The court rejected this argument and held:
We find that appellant’s trial counsel could have had no reasonable basis for failing to request an instruction that Mr. Duld’s identification testimony should be evaluated with caution. If, as the Commonwealth suggests, he neglected to do so because he chose to rely on a theory that the whole story was fabricated out of malice toward the defendants, we find that decision to have been unreasonable. Appellant was clearly not required to choose one theory over the other. There was evidence of record demonstrating [the witness’] poor opportunity to observe. Failing to request a cautionary instruction, therefore, had no reasonable basis.
Id. at 218, 453 A.2d at 3-4.
We likewise find that a cautionary instruction was warranted in this case where in addition to evidence of fabrication on the part of the witness there was also evidence that the witness’ opportunity to observe was poor. The trial court noted that the jury was free to accept or reject the witness’ explanation for the discrepancy between his trial and preliminary hearing testimony. As the court stated: “If they reject it, there was clearly sufficient evidence to allow them to conclude that the witness couldn’t have seen the defendants fleeing, and that if he did, his view was ‘distant’ and/or obstructed.” We further find that a failure to request this instruction was clearly prejudicial since this witness was “the only witness who tied the defendant to the scene.” Trial court opinion at 3. Accordingly, we find no error on the part of the trial court for directing that a new trial be ordered in this case.
Order affirmed.
McEWEN, J., files a dissenting opinion.