

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2002

# Johnson v. Vaughn

Precedential or Non-Precedential:

Docket No. 00-2180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Johnson v. Vaughn" (2002). *2002 Decisions.* Paper 272.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/272

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-2180
_____

MARCUS JOHNSON
Appellant
v.

DONALD T. VAUGHN, ET. AL.; THE DISTRICT ATTORNEY OF THE COUNTY
OF PHILADELPHIA; THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable Herbert J. Hutton
(D.C. Civil Action No. 99-cv-4786)
_____

Submitted Under Third Circuit LAR 34.1(a)
April 2, 2002

Before: SLOVITER, FUENTES, and MICHEL, Circuit Judges

(Filed: April 11, 2002)

_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge:
        Marcus Johnson appeals the District Court's Order, approving and adopting the
Report and Recommendation of the Magistrate Judge, and thereby denying his petition
for a writ of habeas corpus from his Pennsylvania conviction and life sentence for felony
murder. We granted Johnson a Certificate of Appealability (CAPP), pursuant to 28
U.S.C. 2253(c), limited to the single issue of whether Johnson's counsel was ineffective
for failing to seek a cautionary jury instruction relating to witness identification, pursuant
to Pennsylvania v. Kloiber, 106 A.2d 820 (1954). Because we find no error in the District
Court's decision, we will affirm.
        On July 30, 1991, Johnson and co-defendant Curtis Simmons were found guilty by
a jury, in the Pennsylvania Court of Common Pleas, of murder in the second degree under
Pennsylvania's felony murder statute, criminal conspiracy, burglary, and two counts of
robbery. The charges arose out of Johnson and Simmons' collaboration in the robbery of
a corner pizza shop in West Philadelphia, during which the store's 69-year old owner was
beaten to death and then locked in his restaurant's refrigerated meat locker. The court
imposed mandatory life sentences for the murder convictions but deferred further
sentencing until it reviewed pre-sentencing reports and post-verdict motions for both
defendants.
        On February 2, 1993 the Judge in the Court of Common Pleas denied Johnson's
motions but reserved judgment as to Simmons' post-verdict motions. The judge
eventually granted Simmons' motion for a new trial, based on Simmons claim of
ineffective assistance of counsel for failing to request a cautionary jury instruction

regarding uncertain witness identification testimony, pursuant to Pennsylvania v. Kloiber, 106 A.2d 820 (1954). In Kloiber, the court held that "where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his posit statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions...the Court should warn the jury that the testimony as to identity must be received with caution." See, Kloiber 106 A.2d at 826-827.

The Commonwealth appealed the Judge's decision to grant Simmons a new trial but the appeal was rejected in Commonwealth v. Simmons, 647 A.2d 568 (Pa. Super. 1994). Prior to the commencement of his new trial, Simmons pled guilty to third degree murder. Johnson eventually exhausted all of his appeals in the Pennsylvania courts and, on September 23, 1999, filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania. Johnson's petition raised various claims relating to his trial. His principal claim was that his trial counsel rendered ineffective assistance i failing to request a cautionary jury instruction regarding uncertain witness identification testimony.

In April 2000, the Magistrate Judge filed a 20-page Report recommending denial of Johnson's claims and dismissal of his petition. See, App. at 17-36. In July 2000, the District Court issued an Order in which it approved and adopted the Magistrate Judge's Report and Recommendation, and denied Johnson's Petition for habeas relief. See, App. at 37. In its Order, the District Court also determined that no probable cause existed to issue a CAPP because Johnson had not "made a substantial showing of the denial of a constitutional right." Id.

On Johnson's petition for leave to appeal the District Court's denial of habeas relief, we granted a CAPP on the question of whether Johnson's counsel was ineffective for failing to seek a jury instruction pursuant to Pennsylvania v. Kloiber." Also, we directed the Clerk to appoint counsel for Johnson. See, App. at 22.

After a thorough and careful review of the record, we now affirm the Order of the District Court, substantially for the reasons stated by the Magistrate Judge in her persuasive and well-reasoned Report. We pause only to note that, even though Johnson's co-defendant, Simmons, was granted a new trial for substantially the same claim that Johnson now makes, the Magistrate Judge clearly identified the distinguishing factors that allowed her to determine that "[Johnson] failed to show that his trial counsel's alleged deficient conduct prejudiced his defense," as required under the applicable Supreme Court precedent. See, Strickland v. Washington 466 U.S. 668, 694 (1994). Specifically, the Magistrate Judge noted that eyewitness testimony was the only direct evidence placing co-defendant Simmons at the scene of the crime. However, Johnson gave a statement to the police in which he placed himself at the crime scene as an accomplice. As the Magistrate Judge pointed out, this confession brought Johnson squarely within the definition of an accomplice to a felony under Pennsylvania law. See, 18 Pa. C.S.A. 2502(b) (stating that "[a] criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." [emphasis added]). In addition, two witnesses offered further incriminating identification testimony when they stated at trial that Johnson had tried but failed to rob the same pizza shop the week before, and had told them that he was going to return there to "get that money."

In sum, we agree with the Magistrate Judge's conclusion that Johnson is "unable to show that, 'there is a reasonable probability that, but for [his] counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." App. at 36, quoting, Strickland, 466 U.S. at 694.

For these reasons, the judgment of the District Court is AFFIRMED and Johnson's petition for habeas relief is DENIED.

---

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes

Circuit Judg