**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL BARONE, JR. | : | |
| | : | |
| Appellant | : | No. 1528 WDA 2018 |

Appeal from the PCRA Order Entered October 1, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006683-2013

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY COLINS, J.: **FILED OCTOBER 24, 2019**

Because I disagree with the learned majority's conclusion that Appellant is unable to show prejudice from his trial counsel's failure to request an imperfect self-defense voluntary manslaughter instruction, I respectfully dissent.

Appellant was convicted of first-degree murder for killing a man in a shootout in a parking lot outside a club. At his jury trial, Appellant did not dispute that he fired a gun multiple times in the direction of the victim, but testified that he got the gun from a friend's car when he saw other people with guns by the car where the victim was sitting and that he was being shot at and fired the gun because he was in fear of his life and the lives of his friends

---

[*] Retired Senior Judge assigned to the Superior Court.

that were with him. N.T., 8/20/15, at 102-08, 121-28; N.T., 8/18/15, at 134-36. The evidence at trial showed that the bullet that struck the victim in the head was from a .40-caliber gun and that Appellant's .40-caliber gun was fired 18 times. N.T., 8/19/15, at 282-88, 296-99, 375-76; N.T., 8/20/15, at 58, 73-76. The evidence at trial also showed that during the shootout, a 9-mm gun was fired 5 times and an assault rifle was fired 8 times and that a fourth firearm, a loaded handgun that did not match any of the cartridge casings of the weapons that were fired, was found at the scene. N.T., 8/19/15, at 304, 311-12, 327-28, 330, 346-48; N.T., 8/20/15, at 43, 56-57, 59, 71-72.

The trial court concluded that the evidence was sufficient to warrant a jury instruction on self-defense and defense of others and instructed the jury that Appellant could not be found guilty of any crime with respect to the victim's death unless the Commonwealth proved either that Appellant "did not reasonably believe that he or another was in immediate danger of death or serious bodily injury" or "knew that he could avoid the necessity of using deadly force with complete safety by retreating himself, trying to cause the person he sought to protect to retreat and failing to do so." N.T., 8/20/15, at 137, 180-84, 187-89. In this instruction, the trial court specifically directed the jury that Appellant was not entitled to this defense if it found that Appellant "actually believed he needed to use" deadly force, but "his belief was unreasonable in light of all of the other circumstances known to him." *Id.* at 182-83. Appellant's trial counsel did not request that the jury be instructed

on imperfect self-defense or voluntary manslaughter and the jury was not instructed that Appellant could be convicted only of voluntary manslaughter if it found that he intentionally or knowingly killed based on an unreasonable belief that deadly force was necessary to protect himself or others from immediate danger of death or serious injury.

As the majority correctly notes, Appellant can prevail on his claim of ineffective assistance of counsel only if he proves all three of the following elements: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *See, e.g., Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015).

The first of these elements is plainly satisfied. Appellant testified that he got and fired the gun after guns had been drawn and fired by other people in the parking lot outside the club and that he believed that one of his friends was in the parking lot and had not made it to a position of safety, and the trial court concluded that the evidence was sufficient to warrant a jury instruction on self-defense and defense of others. N.T., 8/20/15, at 102-08, 121-28, 137. As the majority correctly states, the only difference between the defenses of self-defense and imperfect self-defense is that actual, but unreasonable, belief that deadly force is necessary is sufficient to support imperfect self-defense and a verdict of voluntary manslaughter rather than

first-degree murder. 18 Pa.C.S. § 2503(b); **Commonwealth v. Truong**, 36 A.3d 592, 599 (Pa. Super. 2012) (*en banc*). The reasonableness of Appellant's belief that deadly force was necessary was at issue in the trial, as the Commonwealth specifically argued to the jury that Appellant's belief was unreasonable because the friend that Appellant was protecting was in fact out of danger. N.T., 8/20/15, at 155-56.

It also cannot be concluded on this record, where no hearing was held on the PCRA petition, that trial counsel had a reasonable basis for failing to request an imperfect self-defense instruction. A reasonable basis exists where trial counsel has made a strategic decision to omit such an instruction to increase the likelihood of outright acquittal. **See Commonwealth v. Ulatoski**, 407 A.2d 32, 34 (Pa. Super. 1979). There is nothing in the record, however, that indicates or supports a conclusion that trial counsel made any such decision. Appellant in his PCRA petition alleged that trial counsel simply neglected to consider whether to request an imperfect self-defense jury instruction and proffered evidence in support of that claim. Failure to consider an issue is not a strategic choice that defeats an ineffective assistance of counsel claim. **Commonwealth v. Williams**, 141 A.3d 440, 463-65 (Pa. 2016).

The majority holds that Appellant could not prove ineffective assistance solely on the ground that he could not prove prejudice because there was evidence that Appellant had opportunities to retreat and, therefore, the

necessary elements of both self-defense and imperfect self-defense could not be satisfied. I cannot agree that we can determine that the jury based its verdict on the ability to safely retreat or that we or the trial court can conclude that Appellant cannot show prejudice.

While the test for prejudice on a PCRA petition is whether there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different, this does not require proof that the defendant would more likely than not have been acquitted or convicted of a lesser offense. *Commonwealth v. Jones*, 210 A.3d 1014, 1018-19 (Pa. 2019); *Commonwealth v. Johnson*, 966 A.2d 523, 541 (Pa. 2009); *Commonwealth v. Stewart*, 84 A.3d 701, 707, 714-15 & n.5 (Pa. Super. 2013) (*en banc*). Rather, a reasonable probability of a different result sufficient to show prejudice is a probability sufficient to undermine confidence in the outcome. *Jones*, 210 A.3d at 1019; *Commonwealth v. Postie*, 200 A.3d 1015, 1023 (Pa. Super. 2018) (*en banc*); *Stewart*, 84 A.3d at 707.

Where counsel's error or neglect has involved a central issue before the jury, this Court has held that prejudice was shown and upheld or ordered a new trial based on ineffective assistance of counsel without requiring or reaching any conclusion that the jury's verdict would probably have been different. *Stewart*, 84 A.3d at 714-15 (prejudice was shown from counsel's failure to interview alibi witness, who was defendant's fiancée, where defendant's defense was that he was with her at the time of the murder and

the only evidence that defendant committed murder consisted of one witness's testimony, defendant was not required to demonstrate that jury would have believed alibi witness at trial); *Commonwealth v. Buksa*, 655 A.2d 576, 583-87 & n.6 (Pa. Super. 1995) (defendant was entitled to new trial based on counsel's failure to request jury instruction on self-defense where both defendant and victim testified that victim was cut with a knife during a struggle, court rejected argument that requirements of self-defense could not be satisfied on ground that retreat issue was for the jury to decide); *Commonwealth v. Simmons*, 647 A.2d 568, 570 (Pa. Super. 1994) (failure of counsel to request instruction concerning identification testimony was prejudicial where the only evidence tying defendant to the scene of the murder was one witness's identification of defendant). An error of counsel that results in a conviction with a substantially higher sentence constitutes prejudice. *Commonwealth v. Bickerstaff*, 204 A.3d 988, 997 (Pa. Super. 2019) (prejudice was shown where counsel's error increased defendant's maximum sentence from 20 to 40 years).

Here, the main issue at trial was Appellant's defense that he acted to protect himself and his friends from being shot and there was undisputed evidence that other persons at the scene had guns and fired them. The jury's verdict could have been based on a finding that Appellant's testimony was not credible and that he was the aggressor who started the shootout or on a finding that Appellant and his friends could have retreated safely, neither of

which would have been affected by an imperfect self-defense instruction. The jury's verdict, however, could also have been based on the argument that the Commonwealth made in its closing that Appellant's belief that he and his friends were in danger was unreasonable and the trial court's instruction that actual but unreasonable belief that deadly force was necessary would not support self-defense. N.T., 8/20/15, at 155-56, 182-83. In that case, a jury instruction would have resulted in a different and significantly more favorable outcome for Appellant, a conviction of voluntary manslaughter subject to a maximum sentence of 10 to 20 years' imprisonment, 18 Pa.C.S. §§ 1103(1), 2503(b), (c); 42 Pa.C.S. § 9756(b), rather than a first-degree murder conviction and a sentence of life imprisonment without the possibility of parole.

I do not believe that this Court or the trial court can confidently conclude that the outcome of Appellant's trial was unaffected by counsel's failure to request an imperfect self-defense manslaughter instruction. Given the Commonwealth's argument that Appellant's belief was unreasonable, the trial court's instructions, and the fact that gunfire was involved, it cannot be said that the jury rejected or was required to reject self-defense on the ground that Appellant and his friends could have safely retreated by getting inside a car. Indeed, the victim was inside a car when he was fatally struck by gunfire. N.T., 8/18/15, at 134-36; N.T., 8/19/15, at 306.

Because I cannot conclude that the record precludes Appellant from proving all the elements of ineffective assistance of counsel, I would vacate the dismissal of Appellant's PCRA petition and remand this case for a hearing on the PCRA petition on the issue of whether trial counsel had a reasonable basis for failing to request an imperfect self-defense voluntary manslaughter jury instruction.